JACKSON, *ex dem.* SLEIGHT AND OTHERS, *against* HASBROUCK.

THIS was an action of ejectment, for land in *Newburgh*, in *Orange* county. The cause was tried at the *Orange* circuit, in *August*, 1813, before Mr. Justice *Yates*. The plaintiff gave in evidence a *fi. fa.* issued out of this court, in favour of *Austin & Andrews*, against *William W. Sackett*; and another *fi. fa.*, issued out of the court of common pleas of *Orange* county, in favour of *Edmund Griswold*, against the said *Sackett;* and also a deed from *Solomon Sleight*, sheriff for the premises in question, dated *February* 23, 1813, reciting that the premises were sold by virtue of the executions. The counsel for the defendant objected that this evidence was not sufficient to entitle the plaintiff to recover; but that he ought also to produce exemplifications of the records of the judgments on which the executions issued; but this objection was overruled by the judge: and the counsel for the defendant excepted to his opinion. The plaintiff proved that *Hasbrouck* was in possession in *May*, 1813, and, as he informed the witness, under *Sackett*.

The defendant then produced evidence on his part, which he insisted was sufficient to prove the sale by the sheriff to be fraudulent; but the judge delivered his opinion to the jury, that the evidence adduced by the defendant was not sufficient to impeach the sheriff's deed, as fraudulent; and that the plaintiff was entitled to recover; and the jury, accordingly, found a verdict for the plaintiff: and the defendant's counsel tendered a bill of exceptions to the opinion of the judge.

*H. Bleecker*, for the defendant, contended, 1. That the exe-

NEW-YORK,
May, 1815.

JACKSON
v.
HASBROUCK.

cution was not sufficient evidence, without producing an exemplification of the judgment. If a creditor, who has sued out an *elegit*, brings ejectment to get possession of the land, he must produce a copy of the judgment, and of the award and return of the *elegit* on the roll, as well as a copy of the *elegit* itself.* In *High* v. *Wilson*,† it was decided, that in trespass, by a stranger against a sheriff, for seizing goods, the sheriff, to justify himself, must produce the judgment. 2. That the question of fraud ought to have been left to the jury, as a matter of fact.‡

* *Peake's Evid. 3d ed 352. (325.) Gilb. Ev. 9.*
† *2 Johns. Rep. 46.*
‡ *13 Vin. Ab. Fraud, 554.*

*Burr,* contra, insisted, that in a case of this kind, it was not necessary for the plaintiff to produce a copy of the judgment; nor could any case be found, in which it had been so decided. The case of *High* v. *Wilson* was of a *fi. fa.* against the goods of the defendant.

The judge was correct in expressing his opinion on the evidence produced by the defendant; for fraud is a mixed question of law and fact.

THOMPSON, Ch. J., delivered the opinion of the court. The title upon which the lessors of the plaintiff placed their right to recover, is made under a sheriff's sale, on executions against *William W. Sackett ;* and the only question made upon the argument of this case, was, whether it was necessary to produce upon the trial the judgments against *Sackett,* or whether it was sufficient to produce the executions only. I do not find any case in which this question has been directly decided. But from the analogy it bears to principles well settled, and as a safe and proper rule of practice, I think the judgments, as well as the executions, ought to have been proved.

The defendant was not a party to these judgments, and although it appears, that he held under *Sackett,* it may well be questioned whether he is to be chargeable with knowledge of the judgments, in the same manner as *Sackett* himself would be. As against strangers, there are many cases, in which the execution is not sufficient, even to justify the officer in seizing property. It is a well-settled rule, that in trespass by a stranger against a sheriff, for taking goods under a *fi. fa.* the sheriff, in order to justify himself, must show the judgment as well as the execution. But if the suit be by the defendant in the execution, the judgment need not be shown, as the party is pre-

2

sumed to be conusant of it. (2 *Johns. Rep.* 46.) As against strangers, the execution, without the judgment, does not show a right to intermeddle with property. And if so with respect to personal property, there can be no good reason why the same rule should not be applied to real property. The occupant cannot bring trespass against the sheriff for levying upon, and selling, the land in his possession, and has no opportunity, therefore, of calling for the authority under which the sale is made, until an ejectment is brought against him to recover the possession. And, according to the rule laid down in trespass, the execution does not, of itself, show this authority.

But admitting the defendant to stand in the same situation as *Sackett* himself would, I should still think it necessary to prove the judgments. A tenant by *elegit*, in order to recover possession of the land extended, must prove the judgment, as well as the *elegit*. (*Buller*, 104. 2 *Peak. Ev.* 315.) And in the case of *Carter* v. *Simpson*, (7. *Johns. Rep.* 535.) this court decided, that proof of a purchase of property at a constable's sale, did not show such an interest in the purchaser as would enable him to maintain *trespass* for an injury done to the property, without showing the authority under which the constable acted. It is not expressly said, that it was necessary to show the judgment. Though this is fairly to be intended, as the objection upon this trial was, that the execution and judgment ought to have been produced. And if the judgment be necessary for the purpose of showing an interest in the purchaser under an execution, to personal property, this necessity is certainly equally strong with respect to real property. It is, I believe, the general practice, in cases like the present, to require the production of the judgment as well as the execution; and this is clearly the safest and best rule. We are accordingly of opinion that a new trial must be awarded, with costs to abide the event of the suit.

New trial granted.