In the suit which W. Coombs brought against Hardy Bryan's executors, the jury found that the defendants had fully administered the assets. Judgment was signed by virtue of the act of Assembly for £ 125. Laws 1784, ch. 11, sec. 2, directs that a scire facias shall issue summoning the heir and devisee to show cause why execution should not issue against the real estate for the amount of such judgment, and if judgment shall pass against the heir or devisee, execution may issue against the real estate of the deceased debtor in the hands of such heirs or devisee, to satisfy the judgment.
The instrument which is set forth as a scire facias in this *Page 252 
record does not mention the suit against the executors, the fact of their having fully administered, nor does it state that any judgment for anyamount had been signed by the plaintiff — it does not call on the heir to show cause why execution should not issue against the real estate to satisfy any judgment.
The return of this instrument and the entry, "Judgment by default according to sci. fa.," was all a nullity; there never has been any recovery against the heir by William Coombs. It is said that the defendant being a purchaser at a sheriff's sale, was bound to look no farther back than the execution, as he was no party to the suit; that the execution having issued, (346) a sale by the sheriff under it and a deed given vested the title in the purchaser.
Lord Chief Justice De Gray, in delivering his opinion in Barker v.Braham, 3 Wills., 376, says: "A sheriff, or his officers, or any acting under his or their authority, may justify themselves by pleading the writ only; because that is sufficient for their excuse, although there be no judgment or record to support or warrant such writ; but if a stranger interposes and sets the sheriff to do an act, he must take care to find a record that warrants the writ, and must plead it; so must the party himself at whose suit such an execution is made."
In trespass against a sheriff, it is enough for him to show a writ returned, if returnable; but in trespass against the plaintiff himself or a mere stranger, they cannot justify themselves unless they show there was a judgment as well as an execution, for the judgment may be reversed. 1 Salk., 409; 12 Johns., 213.
There being no judgment in the present case to warrant the execution, the defendant derived no title by his purchase.
PER CURIAM.
There must be judgment for the plaintiff.
Cited: Whitehurst v. Banks, post, 347; Ingram v. Kirby, 19 N.C. 23.