Rossiter *against* Downs and Downs.

In an action brought by *A.,* on a bond executed to him as sheriff, the condition of which was, that *B ,* being confined in gaol on an execution in favour of *C.* for 68 dollars, 46 cents, should remain a faithful prisoner within the limits, the plaintiff alleged, as a breach, that *B.* being legally committed to prison on the execution described in said bond, escaped therefrom, after which *C.* brought a suit against *A.* for this cause, and recovered. In support of these allegations, the plaintiff offered in evidence the record of the recovery by *C.* against him, wherein the execution on which *B.* was committed, was described as one for 58 dollars, 46 cents, and the execution itself, which was for the same sum. Held,

that this evidence was inadmissible, as not conducing to prove, but as disproving, such allegations.

This was an action of debt on a bond, executed by the defendants, to the plaintiff, as sheriff of the county of *New-Haven*, the condition of which was, that *Lyman Downs*, one of the defendants, being confined in *New-Haven* county gaol, by virtue of an execution in favour of *George Monson*, issued by the county court, signed by *John H. Lynde*, clerk, and dated the 29th of *March*, 1817, for the sum of 68 dollars, 46 cents, besides officer's fees, should remain a faithful prisoner within the limits, until lawfully discharged. The defendants pleaded performance generally. The plaintiff replied, That *Lyman Downs*, being legally committed to prison on the execution described in said bond, was, by the plaintiff, as sheriff, admitted to the liberties of the prison limits, on the execution of said bond by the defendants; and the said *Lyman*, on the 19th of *July*, 1817, unlawfully departed and escaped from said gaol, and the limits thereof, without the knowledge or consent of the plaintiff or of the creditor, in breach of the condition of said bond; in consequence of which, the creditor brought an action against the plaintiff, for the escape of said *Lyman*; and notice thereof being given to the defendants, they appeared and made defence; notwithstanding which the creditor recovered 60 dollars, 82 cents, damages, and costs of suit, which the plaintiff paid. This replication the defendants traversed; on which issue was joined.

The cause was tried at *New-Haven, January* term, 1822, before *Brainard*, J.

In support of his replication, the plaintiff offered in evidence the record of the judgment in the suit brought by *Monson* against the plaintiff, and the execution on which *Downs* was committed. The declaration in that suit set forth a judgment in favour of *Monson* against *Downs*, for 44 dollars 74 cents, damages, and 13 dollars, 55 cents, costs of suit, which, with 17 cents for the execution, made 58 dollars, 46 cents. The execution was precisely conformable to the judgment stated. To the admission of this evidence the defendants objected; and the judge excluded it. No other evidence being offered, the judge directed the jury to find a verdict for the defendants; which was accordingly done; and the plaintiff moved for a new trial, on the ground that the evidence offered by him, was improperly rejected.

*N. Smith* and *R. I. Ingersoll*, in support of the motion, contended, 1. That the judge ought to have admitted in evidence the record of the suit *Munson* v. *Rossiter*, because it was conclusive evidence of the escape of *Downs*, and that there had been a recovery on that account against the present plaintiff. *Kip* v. *Brigham* & al. 6 *Johns. Rep.* 158. 7 *Johns. Rep.* 168. 170.

2. That the variance between the execution described in the bond and the judgment recovered by *Monson* against *Downs*, described in the suit against *Rossiter* for the escape, could make no difference as to the legal liability of *Rossiter*. If the execution on which a debtor is imprisoned, is for a greater or less sum than the judgment, the sheriff is still liable for the escape. 2 *Wms. Saund.* 101. n. 2. *Bissell* v. *Kip*, 5 *Johns. Rep.* 89. If the sheriff would be *legally* liable, notwithstanding the variance between the judgment and the execution, then it follows, that he is entitled to a recovery on the bond, which is to indemnify him against all legal liabilities.

3. That the execution offered in evidence was sufficiently described in the condition of the bond. As the execution is not the foundation of the action ; and as it is described in the condition of the bond, by way of recital only ; no rule of law requires that such description should be absolutely free from mistake. "It is a settled rule," says Ch. J. *Kent*, in *Tallmadge* v. *Richmond*, 9 *Johns. Rep.* 85. 90. "that a mistake in a recital to a bond does not vitiate ; for it is no direct affirmation, and is not an essential part." The description is sufficient to identify the execution referred to ; and nothing more is requisite. *Colburn* & al. v. *Downes*, 10 *Mass. Rep.* 20.

*Staples* and *Hitchcock*, contra, insisted, That the variance between the execution described in the bond, and the execution set forth in the record, is material and fatal. The plaintiff must prove, that *Downs* was confined on the execution described in the bond. He must also prove an escape on that execution, and on no other. But the record proves neither of these facts. *Arnfield* v. *Bate* & al. 3 *Mau. & Selw.* 173. *Hoar* v. *Mill*, 4 *Mau. & Selw.* 470. *Sheehy* v. *Mandeville*, 7 *Cranch* 208. *Kearney* v. *King*, 2 *Barn. & Ald.* 301. *Saxton* & al. v. *Johnson*, 10 *Johns. Rep.* 418.

New-Haven,
July,
1822

Rossiter
v.
Downs.

HOSMER, Ch. J.   The plaintiff brought an action of debt against the defendants, declaring on the penal part of a bond. Having prayed oyer of the obligation, the defendants recite the condition, from which it appears, that *Lyman Downs* was confined in gaol, by virtue of an execution for the sum of 68 dollars, 46 cents, in favour of *George Monson*, and against the said *Lyman;* and that the bond was given to secure the plaintiff in the event of the debtor's escape. They then plead performance of the condition. In his replication to this plea, the plaintiff alleges the facts requisite to show a breach of the preceding condition, and particularly, that *Lyman Downs* was confined in gaol upon the execution described in it ; and that having escaped, a suit was brought for this cause, and a recovery had against the plaintiff. The defendants traversed this replication entirely ; and to support the averment made by him, the plaintiff offered in evidence the record of the county court in the action against him, and the execution which issued upon it. The testimony, thus offered, was held inadmissible, and on the ground, that it materially varied from the plaintiff's allegations.

The pleadings aver, that the execution in favour of *George Monson* against *Lyman Downs* was for the sum of 68 dollars, 46 cents ; and the record offered, describes the judgment in favour of *Monson* against *Downs* as having been for the sum of 58 dollars, 29 cents, and the execution for the sum of 58 dollars, 46 cents. The execution offered in evidence is also for 58 dollars, 46 cents. The defendants insisted, in their defence, that no suit had been brought against the plaintiff for the escape of *L. Downs* from his confinement, on the execution described in the condition of the bond ; and that the offered testimony, had no relevancy to prove the plaintiff's averments. It is impossible to entertain a doubt on this subject. Between the sum of the judgment and execution as averred, and the evidence offered, the variance was precisely ten dollars ; and these respective sums were as distant from identity, as if the judgment had been for a million. So far from conducing to prove the facts averred, the testimony offered disproved the averments, necessarily and conclusively. One of the most salutary and indispensible rules of evidence requires, that no evidence be admitted, except it bear on the disputed facts or points in issue. 1 *Phill. Evid.* 126. The parties, by their pleadings, mark out the ground of controversy, and come prepared, and only prepared, to ascertain the

truth of the facts disputed. Cases of hardship sometimes arise, which greatly interest the feelings ; but looking at the general benefit, and disregarding the pressure of a particular mischief, it is the duty of the court to adhere inflexibly to the rule.

The record offered in evidence, undoubtedly, evinced an escape of *Lyman Downs,* and the subjection of the sheriff on this account ; but unfortunately for the plaintiff, it was not an escape from *that* imprisonment, for which the defendants agreed to indemnify the sheriff. The case of *Bissell* v. *Kip,* 5 *Johns. Rep.* 89. and those referred to in 2 *Wms. Saund.* 101. n. 2. have no bearing on the point of controversy. It is true, that the sheriff cannot take advantage of any error in the process of a court, of which the debtor might avail himself. It is sufficient, that the latter has been duly imprisoned on an execution for too great a sum, emanating erroneously, because the process is not thereby rendered void, but voidable only, and amendable at the plaintiff's instance. Hence, it was correctly decided, that the imprisonment of a person on an execution, which issued for too much, was valid, and the sheriff responsible for an escape. But that is not the question before the court, which is precisely this ; whether if the plaintiff aver a judgment and execution to have been for one sum, the averment can be proved, by a record showing that they were for a different sum.

If the execution mentioned in the condition of the bond was mistakenly described, as the plaintiff has insisted, it can make no difference in this case. In his replication, he has averred, that a recovery was had against him for a definite sum ; and having thought proper to suspend his cause on the proof of this allegation, he must abide the issue. The mistake suggested, is not presented by the record ; and if it had been, it merits consideration, whether the powers of this court are sufficiently extensive, to correct the difficulty.

PETERS, CHAPMAN and BRAINARD, Js. were of the same opinion.

BRISTOL, J. having been of counsel in a former suit connected with this, declined giving any opinion.

New trial not to be granted.