The Chief Justice
delivered the opinion of the court.
Upon the trial of this cause the plaintiff claimed title under a sheriff’s sale. He gave in evidence the record of a j udgment on bond and warrant of attorney, in the Court o'f Common Pleas of the county of Monmouth, signed on the 7th of September, 1818, in favor of Gabriel Hatfield and Barnes Hatfield, _ against Jacob Stout, for 784 dollars and 68 cents of debt, and *three dollars of costs. He gave in evidence the record of an execution of fieri faeirs de bonis et terris in favor of the same plaintiffs, against the same defendant, from the same court, for 784 dollars 68 cents of debt, and 5 dollars 78 cents of costs. He farther read in evidence a deed from the sheriff of the county, dated 18th of October, 1825, reciting a judgment of the same court, between the aforesaid parties, for 784 dollars and 68 cents of debt, and 5 dollars 78 cents of costs, a fieri faeais thereon, advertisements and sale, and purporting to convey the premises in question to Gabriel Swan, the lessor of the plaintiff. The judgment recited, differing from the judgment produced, the' one being for 3 dollars and the other for 5 dollars 78 cents of costs, the judge was of opinion the plaintiff had not maintained his • title, and directed a non-suit.
The rule that in deducing title under a sheriff’s sale, the judgment and execution are to be shewn, as well as the deed from the sheriff to the purchaser, has been repeatedly decided, and, as it is believed, uniformly maintained and *211 pursued in our courts. The sheriff having no title in himself, and acquiring none by the execution, is the instrument of the law for the transfer of the title. The transfer is made by the deed; hut the authority of the sheriff to effect it comes from the judgment and execution. Hence it follows that these should be produced. The same rule prevails elsewhere. Jackson v. Hasbrouck, 12 John. 213; Lessee of Laning v. London, 4 Wash. 513; Lessee of Wilson v. Mc Veagh, 2 Yeates 86.
By the 12th section of the act making lands liable to be sold for the payment of debts, it is enacted, that the deed to be made by the sheriff shall recite the writ or writs of execution, by virtue whereof the lands therein described were sold. In the present case, the deed recites an execution on a judgment for 784 dollars 68 cents of debt, and 5 dollars 78 cents of costs. Under that judgment the sheriff professes to have derived his authority to sell and have sold. But the judgment produced is a different one; different in sum; and hence if the difference, being small in amount, is notwithstanding, available, the plaintiff lias failed to shew the authority of the sheriff to sell, because he has not shewn that authority under which the sheriff has declared, as required by law to do, that he did sell. In Den v. Wright, * Peters 66, in the Circuit Court of the United States for this district, the defendant to prove his title offered in evidence a deed from the sheriff to Mark Thompson, reciting a judgment and execution against Stacy Potts, for a certain sum. The deed was objected to because the judgment and execution produced were for a very different sum from that mentioned in the deed. The court decided that the deed could not be given in evidence without producing the judgment and execution under which the sale was made; these documents being necessary to shew that the sheriff had authority to sell. If so, a judgment and execution differing entirely from that recited in the deed, is the same thing as if no judgment was produced. In Mitchell v. Kirt *212 land, 7 Conn. Rep. 229, it was held that the acquisition of title by execution, being a proceeding in invitum, the requisites of which are prescribed by positive law in derogation of the common law, a strict compliance with these requisites is indispensable to the transfer of title.
Is then the difference or variance here material ? Had it been large, it is presumed the answer would be affirmative without hesitation. It was so decided in Livingston v. Ford, in this court. The difference is sufficient to disprove the identity of the execution; and when 'the deed undertakes to recite the execution, it must recite truly or the requisition of the statute is not fulfilled. It may be argued that as so many points of similarity exist, an inference may be safely drawn that the judgment produced, is in truth the judgment intended to have been recited. But I do not find the warrant for the intention to stand in place ob the act. Moreover, by whom is the inference to be drawn or the fact of identity to be decided? Is the matter to be submitted to the jury? Or is the judge to enquire into the fact? Hollowing the rule given by the statute, adhering to the recital and not the supposed intention, we have a safe guide; but departing from it, judges or juries may take very different views in regard to substance and materiality, and we shall have no more uniform or steady guide than Selden’s supposed standard of equity, the length of the Chancellor’s foot. The case of Rossiter v. Downs, 4 Conn. Rep. 292, was an action on a bond executed to the plaintiff as sheriff, the condition of which was, that Downs being confined in jail on an execution for 68 dollars *and 46 cents, should remain within the limits, the sheriff averred a suit against him for an escape, and offered in evidence the record of a recovery wherein the execution was described as one for 58 dollars 46 cents. The court said, " Between the sum of the judgment and execution as averred and the evidence offered, the variance was precisely ten dollars, and these respective sums were as distant from *213 identity, as if the judgment had been for a million. So far from conducting to prove the facts averred, the testimony offered disproved the averments necessarily and conclusively.”
The cases to -which we were referred by the plaintiff’s counsel, do not appear to me, to bear upon the questions involved in this cause. Bissel v. Kip, 5 John. 89, was an action against a sheriff for an escape; and the court very properly held it to be a settled rule that the sheriff when sued for an escape, cannot, to deliver himself from the action, take advantage of error in tho process under which he has acted, and to which the defendant submitted as valid process. In Purcel v. McNamara, 9 East 157, the variance between the day laid in the declaration and the day stated in the record which was produced to prove the acquittal, was held not material, because the former was not laid as part of the description of such record of acquittal.
In 1 Saund. Pl. & Ev. 417, a distinction is taken between different allegations; and allegations of description, it is said, must be literally proved. In Rolleston v. Smith, 4 D. & E. 156, the court said it sufficiently appeared in the bill of sale recited, that the ship was the same; and that the variation of the figure, three, instead of two, appeared on the face of the bill of sale itself, to be necessarily a mistake.
In Jackson v. Pratt, 10 John. 331; Jackson v. Jones, 9 Cowen 192, and other cases, the Supreme Court of New York have decided that a mis-recital of the execution does not affect the validity of the deed. But the reason is, and it shews that no argument, applicable here, can be drawn from those cases, that the execution need not, under their statute, be set forth or recited in the deed.
In Rossiter v. Downs, already mentioned, the court said, “ It was correctly decided that the imprisonment of a person on an execution which issued for too much was valid, and the sheriff ^responsible for an escapo. But that that was not the question before the court, which was precisely *214 this, whether if the plaintiff, aver a judgment and execution to have been for one sum, the averment can be proved by a record shewing they were for a different sum.”
The defendant in this action of ejectment is not the person against whom the judgment was rendered and execution issued, and whose lands the sheriff professed to sell and convey-; and a question is, therefore, raised, whether any other than the original defendant or one claiming under him, can urge the objection now under consideration.
There seems to me no ground for this distinction. The validity of the objection does not come from the character of the person by or against whom it is made. It is founded on the propriety of shewing an authority in the sheriff to make the sale and conveyance and to transfer the title; and it is at least as necessary to do so where a third person as •where the original defendant, is to be affected.
In Den v. Wright, already cited, the lessor of the plaintiff, who successfully made an objection of this kind against the sheriff’s deed, did not claim under Stacy Potts the defendant in execution. I am of opinion that the non-suit was rightly ordered.
Ford, J., and'Drake, J., concurred.
Judgment of non-suit.