The Chief Justice
delivered the opinion of the court.
The lessors.of the plaintiff claimed to recover the premises in question in this action of ejectment, by virtue .of a sale and conveyance made to him by the sheriff of the county of Essex. Upon the trial, he gave in evidence a deed from Joseph T. Baldwin, sheriff of that county, bearing date ou the first day of September, A. D. 1820, which recites that in the Court of Common Pleas for the county of Essex, iu the term of January, 1818, Matthias Williamson obtained judgment against Lewis Tooker, for the sum of $597.95 for the damages he had sustained by occasion of the non-performance of certain promises and undertakings of the said Tooker as for his costs and charges; that in the term of April, 1820, an execution issued on the judgment whereby the sheriff was commanded to make “ the damag.es aforesaid,” of the goods and chattels of Tooker, .and for want of goods and chattels, of the real estate of which he was seized on the 16th day of January, 1818, or , at any time afterwards ; that he levied on several tracts of land including *381 the premises in question; and after setting forth public advertisement and sale, the deed purports to convey a tract to Jacob Brookfield, the lessor of the plaintiff, and his heirs and assigns. An exemplification of an execution was then produced whereby the sheriff *was commanded to make “ five hundred and ninety-seven dollars and ninety-five cents which to Matthias Williamson, lately before the judges of the Inferior Court of Common Pleas, at Newark, in the county aforesaid, were adjudged for the damages sustained by the non-performance of certain promises and assumptions by the said Lewis to the said Matthias, lately made, as also for the costs and charges by him in that behalf expended.” The lessor of the plaintiff also produced an exemplification of a judgment of January term, 1818, in which after the declaration, plea of former recovery and failure to produce the record thereof, the following entry is made — “ Whereupon, therefore, it is considered that the said Matthias do recover, against the said Lewis, his damages aforesaid by our court here assessed to 8566.70, and also adjudged by our said court here to said Matthias, by his request, for his increase of costs and charges, which damages in all amount to and the said Lewis in mercy.” The plaintiff then admitted that he had no other record of a judgment or execution to offer. And the judge, finding that the judgment given in evidence was not that recited in the execution and in the sheriff’s deed, and that, therefore, no judgment was produced sufficient to support them, overruled the deed made by the sheriff under which the title was claimed by the lessor of the plaintiff, who was thereupon obliged to submit to a non-suit for defect of evidence.
The decision of the judge, in overruling the deed, is the ground on which the plaintiff now seeks to have the non-suit set aside, and a new trial awarded.
The doctrine whereon that decision was made, bavins: been frequently recognized and acted on at the circuit courts, *382 and having, in s.ome instances, recently undergone an examination here, I should feel myself at liberty, considering it as settled, simply to refer to those cases, or some of them, if X were not induced from respect to the counsel of the plaintiff, and the diligence, research and learning displayed in the brief which he has submitted to us, to notice, somewhat more at large than I should otherwise deem requisite, the points he has raised.
I am not convinced that the consequences he anticipates will result from this doctrine, and that sheriff’s sales will, as he supposes, bb rendered unsafe, and purchasers, unwilling to incur *the hazard, be driven away from them. It may awaken care and vigilance, and caution, and will correct a laxity of practice, which, in some parts of the state, has become prevalent. The same course of argument, if it proves anything, and is followed out, would show that a sheriff’s sale ought to extinguish all prior incumbrances, and bar all antecedent titles. The remark made by the plaintiff’s counsel would then be more appropriate; a purchaser would buy with confidence, and the lands would sell for a fair price. If the sheriff cannot, as it is said, tell the bidder there is a judgment to sustain the execution, and support his sale, so neither can he tell him whether there is a subsisting incumbrance, or a paramount title. As to the whole, the rule is caveat emptor. If the doctrine is sound, •we are bound to pursue it. If onerous, or inconvenient, the wisdom of legislative, not of j udicial, power is to afford the remedy.
1. The plaintiff’s counsel insists, in the first place, that it was not necessary to prove the existence of a judgment. Lewis Tooker, the defendant in the execution, was, he says, in possession of the premises in question when the present action of ejectment was cbmmenced, as the tenant of Anthony Morse, jun., who, as landlord, appeared in his stead and became defendant. Whatever then is competent, or would have been sufficient against the one, is equally so, *383 it is argued, against the other. The general rule, that the judgment as well as the execution and the deed must be proved, is said to apply only when the ejectment is brought against a third person, and not when brought against the original defendant, or one who stands in his place. If, however, any such distinction exists, it could extend only to one who claimed under the original defendant, and not to a person under wdiom, as under Morse, the defendant held the premises. But I am not aware of the existence of a distinction of this bind. I find no good reason for it. The office of the judgment is to show the power and authority of the sheriff to make the sale and conveyance, and thereby transfer the title of the defendant to a purchaser. And these should be equally shown when the defendant as when a third person is in possession. They are requisite to give validity to the deed, and must therefore be established, let the deed operate against whomsoever it may. The presumption that there is a judgment because there *is an execution, is not more strong against the defendant than against any other person. Nay, perhaps the original defendant has the stronger claim to the production of a judgment to sustain an execution and sale. I am able to find no case which maintains the distinction here relied on by the plaintiff’s counsel. In the cases of Lanning’s lessee v. Loudon, 4 Wash. 513, and Wilson’s lessee v. McVeagh, 2 Yeales 86, in -which it was held that to entitle a plaintiff in ejectment to give in evidence a sheriff’s deed, it was necessary to produce a record of the judgment, no distinction in the application of the rule is suggested. In the case cited by the plaintiff’s counsel, Jackson v. Hasbrouck, 12 John. 213, it is •expressly denied. “ But admitting,” says C. J. Thompson for the court, “ the defendant to stand in the same situation as Sackett himself would [Sackett was the original defendant] I should still think it necessary to prove the judgments.” And he adds — “ It is I believe the general practice, in cases *384 like the present, to require the production of the judgment as well as the execution; and this is' deary the safest and best rule.”'-
2. The plaintiff’s counsel insists, in the second place, that although the execution in this case did not issue until more than a year and a day from the time the judgment had elapsed, yet the sale cannot, on that account, be questioned, for that a fieri facias, after a year and a day, without scire: facias, is good. He cites to support him Jackson v. Bartlet, 8 John. Rep. 365. But while that case shows that a-stranger may not, on this ground, call in question a purchaser’s title, it holds that an execution issued without-revival, is voidable at the instance of the party against whom it issued. And if the plaintiff’s counsel is right in the-position he assumed under his first point, that Morse stands-in the same situation as Tooker, why may he not avail himself of this objection ? But I pursue this subject no farther, as quacunque via data,, the right determination of the cause-will not be affected or influenced by it.
3. The next point taken by the plaintiff’s counsel is that there is no variance between the execution and the judgment. And expressly admitting that if this had been a final judgment for $566.70, not to be increased by the addition of costs, and the execution had issued for a larger sum, there would be nothing *to refer to them to show that the-execution issued on the same judgment, he seeks to sustain his position in the following manner — There is a blank left,- and no sum inserted, for the costs of increase in the judgment. The costs, he says, were drawn and taxed at the-sum of $31.25, which, with damages mentioned in the-judgment, makes up the precise amount for which the execution issued. But there was no proof, on the trial, nor even on the present application, that any bill of costs was taxed at that sum or at any other. Hence the foundation of this-argument is wanting. And if such bill had been produced, it could have availed nothing. 'The judgment had been *385 actually signed. No addition could afterwards be made to it, by the insertion of the costs, or the filling up of the in toto attingunt clause. No real increase could be made, much less " the contemplated increase ” mentioned by the counsel. The plaintiff is then in the situation supposed. This is a final judgment for $566.70. It is not to be increased by the addition of costs. The execution is for a larger sum, and the consequence he has anticipated follows, "there is nothing to show that it issued on that judgment.” The true and only mode to ascertain what “ was contemplated by the judgment,” is a reference to the record itself. The record is not, as maintained by the counsel, “ still remaining open ” for the costs, after it is signed; nor can they “ rightly be put in the execution,” unless they had actually “ formed a part of the judgment.”
4. In the next place, the plaintiff’s counsel contends that if the judgments produced and recited are not the same, the variance is wholly immaterial. And he reasons thus. “ The doctrine of variance will be found to arise out of actions founded on contract, where the deed or contract is declared upon and is the foundation of the action. In such cases the declaration must substantially agree with the deed or contract. In ejectment, the plaintiff' gives no information upon the record as to the nature of his title or evidence, and is therefore at liberty to make out his title on the trial without reference to any special matter stated upon the record.”
It is obvious that too narrow and circumscribed a rule in respect to variance is here stated. The numerous cases in slander where the words proved differ from the words charged, and *in trespass where the abuttals are specifically but erroneously described, shew that it extends to actions of tort, as well as of contract. And in ejectment, the plaintiff may indeed not be confined by any such special matter to any specific title ; but what then ? The question here is, not whether he has made out a specific title, but *386 whether he has proved any title. And the established rule is, -as I have shewn, that if, in deducing the title under a sheriff’s sale, he proves no judgment, or what is the same thing, if he does hot prove the judgment recited, he has made out no title, the judgment being an indispensable constituent. In Den v. Wright, 1 Peters 66, the defendant to prove title offered in evidence a deed from the sheriff of the county of Hunterdon to Mark Thomson, which recited a judgment and execution against Stacy Potts, for a certain sum. The deed was objected to because the judgment and execution produced in evidence were for a very different sum from that mentioned in the deed. Thé court decided that-the sheriff’s deed could not be giv.en in evidence, without producing the judgment and execution under which he made the sale, these documents being necessary to shew that he had authority to sell. If so, said the court, a judgment and execution differing entirely from that reci-ted in the deed is the same thing as if no judgment were produced. In con•nection with this' subject, it is proper to remark that the plaintiff was not non-suited- for the variance between the judgment and execution and deed, as the plaintiff’s counsel in his brief in some places seems to suppose, but because the deed being overruled for want of a judgment to support it, the plaintiff was non-suited for failure to deduce a title to the premises.
5. In the fifth place, the plaintiff’s counsel says the courts raise presumptions in favor of a sheriff’s deed. And for an instance he states they presume the sheriff has advertised according to law, and in an action of ejectment founded on a sheriff’s deed, the plaintiff is not required to prove that the lands were regularly advertised. I am not aware of such presumption unless, perhaps, in the case of an ancient deed accompanied by possession. In a modern deed; the recital of due advertisement, being in the nature of a certificate by an officer of a fact within his knowledge is received as prima facie evidence and dis *387 penses with the proof which, without such recital, would .be required. *No such presumption is made where there is no recital. But an effect of this kind cannot properly be given to the recital of a judgment by the sheriff. No certificate by him can be even presumptive or prima facie evidence of its existence. The doctrine of presumption cannot on the present occasion sustain the plaintiff.
6. In the last place, the plaintiff’s counsel states it to be a final and conclusive answer to the objection against the sheriff’s deed that the execution in this case, [if there is a variance and if the doctrine of variance applies] is not void but voidable only; and hence he draws these conclusions, that no person can avoid it but Lewis Tooker, his heirs or representatives, by writ of error; that the defendant cannot lawfully raise the present objection; that all acts done under the execution until it is avoided are valid; and that the execution is amendable. All these conclusions find their refutation in the decision and reasoning of the court, in the case of Den v. Wright, already cited. One only of them need, I think, be farther noticed on account of the support it is said to have from the case of Jackson v. Anderson, 4 Wend. 474, The execution, it is said, was amendable at any time as well after as before the sale. I am not disposed to deny that by an application to the proper forum and by a competent person, amendments may, in many instances be made, whereby many of the difficulties anticipated to result from what is called the strict rule of conformity and congruity, will be obviated. But, in the first place, there was here no amendment made; the proceeding was suffered to remain “ with all its imperfections on its head.” 2d. The judge at ¡the circuit had no power to amend, and consequently none to overlook delicien cas amendable elsewhere. A court having the control over a pleading or other proceeding will sometimes actually amend a defect, and at others overlook it as amended. A court of error will also in like manner .act in divers instances. But a tribunal which has no power *388 to alter or amend the proceedings of another, must look on them as they are, not as they ought to be. And in the third place, it may be asked, how can a sanatory amendment be made here? Shall the original judgment be amended in the manner which would be requisite, and without even an application to the court by whom it was rendered ? So bold a *measure cannot, I think, find countenance. Shall the execution be altered to conform to the judgment which has been produced? Of what avail would that be, the sheriff’s deed would then differ from both ? Shall the sheriff’s deed be amended ? Not I venture-to say unless by the sheriff himself.
Scudder, for plaintiff.
Hornblower and J. J. Chetwood, for defendant.
Upon the whole, I am not satisfied from the arguments- or cases of the plaintiff’s counsel that there is any ground to doubt the propriety of the doctrine heretofore maintained. I am therefore of opinion the decision of the judge on the trial was right, and that the non-suit ought not to-be disturbed.
Judgment of non-suit.