HIRSCH vs. FLEMING et al.

1. Where property was removed from the premises of the owner to
the house of another, and was sold, paid for and delivered before
the institution of suit against the original owner, and subsequently,
upon the rendition of judgment against him, was levied on; and
where a justice and a jury in that court, on appeal, both found the
property not subject to the levy, there was no error in sustaining
this finding on *certiorari*.

2. Where attorneys had a claim of their client for collection, and ac-
cepted, in payment or part payment thereof from the debtor, cer-
tain property, they had title thereto, and could claim it when levied
on under a judgment subsequently obtained by a third party.
Nor could the plaintiff in such judgment defeat their claim on the

ground that the client of the claimants had not authorized or ratified the transaction. That was a matter between the attorneys and their client,

February 26, 1887.

New Trial. Claim. Attorney and Client. Title. Before Judge ADAMS. Glynn Superior Court. May Term, 1886.

Reported in the decision.

STEWART JOHNSON; IRA E. SMITH, for plaintiff in error.

SPENCER R. ATKINSON; CROVATT & WHITFIELD, by J. H. LUMPKIN, for defendant.

HALL, Justice.

1. The property levied on and claimed appears, from the justice's return to the *certiorari*, to have been sold and delivered to the claimants prior to the institution of the suit in which the judgment was rendered from which the plaintiff's execution issued, and to have been removed from the defendant's premises to the house of another person, where it was found when the levy was made. Both the justices of the peace, and the jury to which an appeal had been taken in the justice's court, found the property not subject, and on *certiorari*, the judge of the superior court, as it seems to us he should have done, sustained this finding. The *certiorari* made no other question which need be considered.

2. The property was bought and paid for in a debt due from defendant to Madden, and was conveyed and delivered to his attorneys at law, who had his demand for collection. The plaintiff insists that the claimants had no right to receive their client's demand in anything but money, and that it was not shown that the client authorized the settlement to be made in this manner, or that he ratified it after it was made; and therefore that claimants got no

title to the property.  The settlement is a matter between them and their client.  By this arrangement, the title to the property passed out of the defendant, and paid the debt of the defendant to the extent of the value placed upon it, and if the transaction with claimants was unauthorized, or if Madden refused to ratify it, they became responsible to him for so much of the debt due by defendant.  But *non constat* that Madden did not authorize, or that he would not ratify and adopt it.  It is not to be presumed, in the absence of proof, that his attorneys acted without authority.

Judgment affirmed.