## 7646

### KENNEDY v. KENNEDY.

1. JUDGMENT—EXECUTION—SALE.—Failure to enter a judgment on the abstract of judgments is a mere irregularity, is not a prerequisite to a valid sale and the defendant in judgment is the only one who may take advantage of it.

2. IBID.—IBID.—EVIDENCE—SHERIFF'S DEED.—The recitals in a sheriff's deed as to issuance of execution and levy are admissible to prove those facts where there is privity between the party claiming under the deed and the party claiming against it.

3. IBID.—IBID.—THE CODE OF 1870 is not applicable to a case in which the execution was lodged in the sheriff's office before its adoption, and the mere lodging was a compliance with the law at that time.

4. CHARGE.—Where the evidence is susceptible of more than one inference, it cannot be said the jury disregarded the instructions.

5. REAL PROPERTY—DEED.—POSSESSION of a part of a tract of land embraced in the boundaries set out in an invalid deed under claim under the deed is possession of the tract so included.

6. REAL PROPERTY—CHARGE.—Refusal of request as to proof of title in judgment debtor proper because on the facts, ignored the view that the sheriff's deed was a nullity or that title had been acquired by possession; as to title by adverse possession, because it excluded the view of possession adverse to the world; as to payment of taxes, because a charge on the facts; and as to there being no execution or transcript, because the law presumes these things were done.

7. NONSUIT—VERDICT.—The point that there was no proof that the party through whom plaintiff's claim had paid no taxes on the land during his life time should have been made by motion for nonsuit or to direct a verdict.

8. REAL PROPERTY—CHARGE.—There being testimony to the effect that defendant held in subordination to the title of plaintiffs, an instruction in reference to a holding in subordination could not have been prejudicial to appellant.

Before KLUGH, J., Clarendon, February term, 1910. Affirmed.

Action by E. Maria Kennedy against Mary L. Kennedy *et al.* From Circuit judgment, defendant, H. A. Kennedy, appeals on the following exceptions:

1. "Because the Honorable J. C. Klugh, presiding Judge, erred in refusing the motion for a new trial, which was based upon the following ground:

" 'That the jury disregarded the law as charged by the Court, and rendered a verdict contrary thereto, in that the jury were charged: That in establishing title under a sheriff's deed it must appear that there was a valid judgment and execution, and that there was a levy and sale under the execution. That the judgment of *Epps* v. *Kennedy* was recovered in Williamsburg county, where debtor and creditor resided, and in order to make valid sale it must appear that the judgment was docketed in Clarendon county and execution issued thereon—and having been so charged, the jury were bound, as a matter of law and of fact, to have found that the judgment had never been docketed or filed in Clarendon county; for it appears from the recitals in the sheriff's deeds, and from the proof that the judgment was never lodged in Clarendon county. Nevertheless, the jury disregarded the law so charged, and their verdict shows that it is based upon the finding of validity of the sale under the Epps judgment; as there is no proof to support the verdict as to the title acquired by actual adverse possession of the whole, or of any possession of a part of the premises under a deed of conveyance, which would give title to the whole.'

"In that the charge to the jury, as recited in the motion for a new trial, was the law of the case, by which the jury was governed, even though the law as so declared may be erroneous; and the jury disregarded such charge, for it appears, both negatively and affirmatively from the deeds of Gamble, acting sheriff, and Clark, sheriff, and from the other testimony, that the judgment recovered in Williamsburg county was never lodged or docketed in Clarendon county, and under the charge as delivered by the Court, the jury should have so found, and the jury did not so find; and this is evidenced from the fact that in order

to find a verdict for the entire premises, the jury must have found that it was a valid deed, for there is no evidence to support the verdict to the effect that title was acquired by actual adverse possession of the whole premises, or of any possession of a part of the premises under a deed of conveyance, which would give title to the whole; and the jury were charged that it was the theory of those claiming the land against H. A. Kennedy that their title came through David Epps, under the sheriff's deed, and that excluded the idea of any title from any other source; and it was error on the part of the Circuit Judge to let the verdict stand, as it was clearly contrary to the law as declared by him.

2. "The presiding Judge committed error in charging the jury as follows: 'Suppose that the sheriff's sale and the deed made in pursuance of that sheriff's sale was a nullity, yet the deed purports to designate by metes and bounds a tract of land, and purports to convey that land to Epps. That becomes a description of the land, showing the extent of Epps' claim under the deed, so it becomes what we call color of title, and by way of writing, that shows the extent of the party's claim under the deed, and if Epps took possession of that two hundred acres of land under that deed, or supposed deed, and held it continuously, either himself of by somebody that was holding it under him, and in pursuance of some arrangement with him, if he held it continuously for twenty years from the date of that sheriff's deed, March 3, 1870, that would be sufficient to establish in Epps a title by adverse possession, as I told you awhile ago. As the law now is, ten years' adverse possession gives title, but in 1870, when this sale was alleged to have been made, it required twenty years.

" 'If it appears that Epps took possession of the land contained in that deed of Gamble, acting sheriff, and held it continuously for twenty years, that would give title in him to all the land embraced in that deed; now, by virtue of the sale, and by virtue of the bar of the statute of limita-

tions, so if he had held the land for twenty years adversely and continuously, that forbids any other person to claim the land as against him. If he had title by conveyance from the sheriff and by twenty years' adverse possession and died, and that title descended to his heirs, then the conveyance of those heirs to W. W. Kennedy in 1894 would confer upon W. W. Kennedy a good title to the land, and if that should be your conclusion, then the plaintiff must recover, unless there is something else to show that she has been ousted of her right to recover.

   " 'You will observe then that the twenty years' possession from the date of the sheriff's deed in 1870, if it was adverse, whether Epps held it himself by hostile possession or permitted somebody else to hold it by some arrangement under him, would give him title. Only adverse holding would give him title by adverse possession. Under the statute, peaceable possession, whether he held it himself or by those living on the land who recognized his right superior to theirs, peaceable possession of the land twenty years would presume he held it because of a grant from the State, either to himself or to somebody else, and the grant came to him; so if he held the land twenty years, either peaceably or adversely, continuously, openly and notoriously and exclusively of everybody else's rights, even though he may have allowed other people to live there, if they lived there in recognition and in subordination of his rights, then that establishes in Epps the title which this plaintiff relies on, and that title passing to the plaintiff and her children by inheritance would enure to them now as a valid title, upon which they would be entitled to. recover the land.'

   "There was error in this charge, so given, in that there was no pretence, or claim on the part of the heirs of W. W. Kennedy, or proof that David Epps or his heirs had ever been in possession of the land in question, or any part of it, for any time whatsoever, or that they ever claimed any

part of it; on the contrary, the contention on the part of the heirs of W. W. Kennedy, now suing, was that W. W. Kennedy was in possession of the land in 1883, claiming it as his own, and the claimants based their claim before the jury upon such alleged possession.

"There was error further in making reference to any party to this action holding land in subordination to the claim of David Epps or his heirs, in that there was no such claim put forward by the claimants or by H. A. Kennedy, and such charge so given as aforesaid, raised an issue before the jury which, it is respectfully submitted, had a tendency to confuse them and suggest that the land might have been so held, and to the prejudice of the defendant, H. A. Kennedy; and there being error further in this charge, because it appeared affirmatively that W. W. Kennedy did not enter into possession of the premises in question, under claim of title, exclusive of any other right, founding such claim upon a written instrument, to wit:

"Of either the deeds of Gamble or Clark, acting sheriff and sheriff, respectively, or under a deed made by him by the heirs of David Epps, but on the contrary, he claims to have gone into possession in 1883 and to have held the land independently of any of them; and in that it was a faulty proposition of law to charge the jury that the Code of Civil Procedure contemplated that a person could enter into possession under an invalid deed, and by occupying a part of the premises, draw to such part the possession of the whole, it being respectfully submitted that the law does not so contemplate, and the charge is contrary to a proper construction of the statute.

3. "There was error on the part of the Circuit Judge in charging the jury that if they found a verdict against H. A. Kennedy, it should be for the land in dispute, and this was several times done; in that it included the idea that if the plaintiff and her children recover at all, that they were entitled to the entire premises; whereas, while claim-

ing the entire premises, and while claiming under a deed, and also by alleged possession, if they did not find that the plaintiff was entitled to the whole by virtue of a deed or by possession of the whole, but were entitled to a part, based upon actual adverse possession, which excluded the idea of holding under a deed, then they would have been entitled only to so much as had been actually occupied by W. W. Kennedy and no more, and there was error in not so intsructing the jury.

4. "There was error on the part of the Circuit Judge in refusing to charge the third request of H. A. Kennedy, which was as follows: 'That in order to trace the title claimed by plaintiff, through the sheriff of Clarendon district, to the said W. W. Kennedy, the plaintiff is required to show, by competent testimony, that the defendant named in the alleged execution and deed of sheriff, one J. M. Kennedy, was at the time of the alleged sale the owner of the said tract of land, and having failed to make such proof, the plaintiff can take nothing by the sheriff's deed to David Epps.'

"In that it contained a correct proposition of law, and should have been so charged; and further, in saying that if it had not been for the last expression it would have been charged, which was virtually charging the request to the effect that title had to be shown in J. M. Kennedy, and having practically so held by refusing the request in its entirety on account of the last expression, there was error for the reason that title in J. M. Kennedy had not been proven, either by possession for so long a time as to give him title, and by attempt to connect him with any grant by any conveyance whatsoever by prescription or by adverse possession.

4. "There was error on the part of the Circuit Judge in refusing to charge the fourth request, which was as follows: 'That if the plaintiffs have failed to prove that the said J. M. Kennedy was the owner of the land in dispute

at the time of the alleged sale by the sheriff, then the title by said sheriff to the said David Epps, conveyed no right of ownership or right of possession of the said tract of land to the said David Epps; and that under such circumstances the said David Epps transmitted to his heirs at law no right or title in or to the said tract of land, and if they thereafter undertook to convey the said tract of land to the said W. W. Kennedy, such conveyance operated to convey to the said W. W. Kennedy no right, title or estate in or to the land in dispute.'

"In that it was a correct proposition of law and should have been charged, and the reasons given by the presiding Judge for not charging it because there was no evidence that J. M. Kennedy had any title to the land which David Epps could acquire by the sheriff's deed, nor was there any evidence that he was ever in possession of the land or any part of it at all, and no such claim was made by the plaintiff and her children, and it was error to so hold.

5. "There was error on the part of the presiding Judge in refusing to charge the defendant's sixth request, which was as follows: 'That if the jury find that the said H. A. Kennedy, for ten years antecedent to the commencement of this action, was, and had been, holding the said premises as his own, adversely to the claim set up by the plaintiff and those under whom she claims, then as against them under the law, said H. A. Kennedy has acquired title to the land in dispute and which plaintiff cannot now disturb.'

"In that it contained a correct proposition of law and should have been so charged, and the reasons given by the presiding Judge in refusing to charge it, and particularly in holding that he must show an ouster or turning out of everybody else's right, title and interest in the land; he being in the undisputed possession if he had held it as his own adversely against W. W. Kennedy for the required period, that was sufficient, as no one else was making any claim for the land except the heirs of W. W. Kennedy, and

they had to show a better title before they could disturb H. A. Kennedy in his possession.

6. "Because there was error in the refusal of the presiding Judge to charge the ninth request of this defendant, which was as follows: 'As a circumstance in favor of the defendant, H. A. Kennedy's claim, the jury may take into consideration the fact, if so proved, of the payment by the said H. A. Kennedy of taxes on the disputed premises, and also the further fact, if such be the case, that no proof has been made that during his lifetime any taxes were paid by the said W. W. Kennedy on said premises.' As it contained a correct proposition of law and should have been so charged, and there was error in holding that this was a charge on the facts.

7. "There was error on the part of the presiding Judge in not charging the defendant's tenth request, which was as follows: 'If W. W. Kennedy's claim to the land was not founded upon a written instrument, judgment or decree, the parties now claiming the land could recover only so much of the land as was actually occupied, and no other; and in order to so recover, it must appear that W. W. Kennedy had been in the actual, continual occupation, under claim of title, exclusive of any other right, for a period of ten years; and the jury would have to locate the land, if they so found.' In that it was a correct proposition of law and should have been charged as requested, and in referring thereto, his Honor committed further error in holding that if W. W. Kennedy claimed all the land named in any one of the deeds, even though it might not have been a valid deed, yet showing the extent of his claim as color of title, and if he claimed all of the land and showed possession of any particular part of it, any foot of it, under the law, was possession of all that was included in the boundaries named in the deed, in that there was no evidence that W. W. Kennedy made any such claim under any of the deeds put in evidence, or that he went into possession under any

such deed, or founded his claim to possession, or claimed thereunder, and it was error to instruct the jury that possession of a part under a claim made under an invalid deed would give possession of the whole, as a person can take no rights whatsoever under an invalid deed.

8. "There was error on the part of the presiding Judge in not charging the request to charge, which is as follows: 'There is no execution and no transcript of execution as a part of the record from Williamsburg county, and hence there is no evidence of a levy and a failure to show the levy, or the search for the execution and its loss, renders the sale under the sheriff's deed void.'

"As the same contained a correct proposition of law, and it should have been so charged, and was in accordance with the undisputed facts, and it was the duty of the Court to have inspected the records and to have instructed the jury that there was an absence from the records of any execution or any reference to it which purported to be a copy or transcript of it; that there was an absence of any evidence of levy and there could not have been any proof lawfully made until there had been proven a search for the execution and inability to find it, and this was not done, and, as a matter of law, was the province and duty of the presiding Judge to have construed the records of the judgment sent from Williamsburg and not to have left anything to the jury to have found in reference thereto, save under his instructions.

9. "Because the presiding Judge erred further in charging as follows: 'As a matter of course, if there was an agreement; if W. W. Kennedy had title to this land, either because he took possession in 1883, as plaintiff claims, and held it continuously from that time under some arrangement by which he was to redeem it from the Eppses, or because of his claiming it by adverse possession, or else because of his deed in 1894, from the Epps heirs, if he had title to the land * * * and H. A. Kennedy held the

land in pursuance of such agreement, that would be holding it in subordination to W. W. Kennedy's title.' In that it was a charge upon the facts in reference to the possession of W. W. Kennedy in 1883 in the manner above set forth.

10. "There was error on the part of the Circuit Judge in charging the jury as follows: 'Referring to the claim of H. A. Kennedy, and stating that if he claimed the land as his by right of possession, he must show a definite time at which he began to hold the land exclusive of everybody else, and that he had held it continuously from that time until the commencement of the action, or until a sufficient time to ripen into a title in himself; in that if it appeared that he held the land exclusively and adversely as against W. W. Kennedy for the requisite period, that would give him title as against the present claimants.' "

So much of the charge as is referred to in exceptions four, four No. 2, five, six and eight, and in the opinion relating thereto is:

3. " 'That in order to trace the title claimed by plaintiff through the sheriff of Clarendon district, to the said W. W. Kennedy, that the defendant named in the alleged execution and deed of sheriff, one J. M. Kennedy, was at the time of the alleged sale the owner of the said tract of land, and having failed to make such proof, the plaintiff can take nothing by the sheriff's deed to David Epps.'

"If that last expression had not been there, I would have charged it, but that being a charge on the facts, I refuse to charge you that.

4. " 'That if the plaintiffs have failed to prove that the said J. M. Kennedy was the owner of the land in dispute, at the time of the alleged sale by the sheriff, then the title by said sheriff to the said David Epps, conveyed no right of ownership or right of possession of the said tract of land to the said David Epps; and that; under such circumstances, the said David Epps transmitted to his heirs at law no right or title in or to the said tract of land; and

if he thereafter undertook to convey the said tract of land to the said W. W. Kennedy, such conveyance operated to convey to the said W. W. Kennedy no right, title or estate in or to the land in dispute.'

"That proposition excludes the idea that I sought to lay before you, that David Epps may have acquired title to that land either by the sheriff's deed, or, if that was a nullity, then by a possession of the land twenty years or more, and excluding that idea, it is not a sound proposition, and I refuse to charge that.

6. " 'That if the jury find that the said H. A. Kennedy, for ten years antecedent to the commencement of this action, was and had been holding the said premises as his own, adversely to the claim set up by the plaintiff and these under whom she claims, then as against them, under the law, said H. A. Kennedy has acquired title to the land in dispute, and which plaintiff cannot now disturb.'

"That is based upon the idea that he could claim the land as against one particular individual and establish title that way, and which he could assert in this Court. I have already charged you that he can't do that. If he claims the land by adverse possession at all, he must claim it by adverse possession to all the world, and show an ouster or turning out of everybody else's right, title and interest in the land, and claim the land for himself alone, not against some one individual, but against all the people in the world, and since that proposition excludes that idea, I refuse to charge it.

9. "As a circumstance in favor of the defendant, H. A. Kennedy's claim, the jury may take into consideration the fact, if so proved, of the payment by the said H. A. Kennedy of taxes on the disputed premises, and also the further fact, if such be the case, that no proof has been made that during his lifetime any taxes were paid by the said W. W. Kennedy on said premises.'

"I will not charge you that. I think it is a charge on facts. It is an infringement on your province if I charge

you upon any issuable fact or circumstance in the case. That is for your consideration, for your determination, and not for the Court to charge or comment upon the facts in the case.

Lastly: " 'There is no execution and no transcript of execution as a part of the record from Williamsburg county, and hence there is no evidence of a levy and a failure to show the levy, or the search for the execution and its loss, renders the sale under the sheriff's deed void.'

"I have already charged you fully with reference to that, and I charge you that proposition to what I have already charged you, that is to say, if the records are complete it must show these things; if it appears that the record is not complete, and not complete because it has been lost or destroyed, then the law will presume that these things were done which were necessary to be done in order to give validity to so much as does appear by the records the official act, and I so charge you."

*Messrs. Purdy & O'Bryan,* for appellant, cite: *Verdict in conflict with charge is against the law:* 16 S. C., 14. *Purchaser at sheriff sale must show title in judgment debtor:* Tr. Con. R., 160. *Defendants possession need be adverse only to plaintiff:* 1 Cyc., 1028. *Payment of taxes for number of years is competent in making out adverse possession:* 45 S. C., 318; 62 S. C., 195. *Judgment on which sale is based is part of purchaser's title:* 1 McM., 373; 18 S. C., 328; 14 S. C., 626.

*Mr. J. H. Lesesne,* contra, cites: *As to possession:* 43 S. C., 372; 44 S. C., 315; 47 S. C., 466. *As to charge:* 54 S. C., 90; 65 S. E., 832; 64 S. C., 230; 65 S. E., 274.

August 2, 1910.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This action was commenced on the ———day of —, 1908, for the purpose of having the lands

described in the complaint sold, to aid in the support and education of the defendants, Mary L., Samuel M., Flora, J., and Robert Clarence Kennedy, infant children of the plaintiff, and her late husband, W. W. Kennedy, who died on the 12th of June, 1905. The defendant, H. A. Kennedy, a brother of W. W. Kennedy, filed an answer denying that the plaintiff and her children were the owners of the premises, and set up the defenses that he had been in possession of the land for ten years, holding it adversely, and that he had been in the unobstructed possession thereof, before the commencement of the action, for twenty years, holding it as his own.

The jury rendered a verdict in favor of the plaintiff and her children for the land in dispute.

The defendant, H. A. Kennedy, made a motion for a new trial, which was refused, and he appealed upon exceptions which will be reported.

We proceed to consider them.

*First Exception:* The plaintiff introduced: (1) Deed from P. D. Epps, D. J. Epps, and M. E. Epps, heirs at law of David Epps, to W. W. Kennedy, dated the 19th of October, 1894, conveying the land in dispute; (2) deed from James M. Gamble, coroner of Clarendon county, acting sheriff, to David Epps, dated 7th of March, 1870, conveying the same land, in which deed the following recital appears:

"Whereas, by virtue of a writ of *fieri facias,* issued out of the Court of Common Pleas for the County of Williamsburg, tested the 16th of November, 1867, and returnable according to law, to me directed and lodged in my office, on the 28th of January, 1870, commanding me, the goods, chattels, houses, lands and other hereditaments and real estates of Jno. M. Kennedy, to levy the sum of————which David Epps, by the judgment of the said Court, at Williamsburg courthouse—lately recovered against the said Jno. M. Kennedy—I have levied upon a certain tract of

land, in the County of Clarendon aforesaid;" (3) deed from William J. Clark, sheriff of Clarendon county, confirming the deed of James M. Gamble, coroner, acting sheriff, to David Epps, dated 27th of March, 1871, conveying the same land and containing the same recital; (4) certified copy of judgment roll, in the clerk's office of Williamsburg county, showing judgment recovered in 1867, by David Epps against Jno. M. Kennedy, to which reference was made in said deeds.

Before the plaintiff introduced in evidence the judgment roll from Williamsburg county, the clerk of the court and the sheriff of Clarendon county, testified that there was no record of the execution under which the land was sold to be found in Clarendon, in their respective offices; that many of the books of record of the clerk's office, and the sheriff's office, were lost or destroyed about the time said property was sold under execution, in 1870 and 1871—the republican party being in power at that time. The sheriff testified that the execution book in his office covering that period was missing, and that an execution, coming from Williamsburg county to that office, would properly be entered in the execution book; that there was no evidence of the sale by the sheriff in the sale-book, from May, 1870, to October, 1878. A. L. Barron, clerk of the court, testified as follows, upon cross-examination:

"You have an index to the abstracts? Yes, sir. And the rolls? Yes, sir. Those old indices are there, are they not? Yes, sir. Covering this period we are talking about? Yes, sir. Going from that period, say 1865 and 1866, and coming to 1872, on those indices or directing the course of judgments, did you find any entry whatsoever, of any judgment of Epps against Kennedy? No, sir. I have reference to judgment which was referred to in the sheriff's deed? No. sir; I did not. Did you find the evidence of entry of any such judgment on the abstract of judgments? No, sir."

There was testimony tending to prove that W. W. Kennedy (who was a son of said Jno. M. Kennedy), went into possession of the land in 1883, and held it continuously and adversely from that time until his death on the 12th of June, 1905.

His Honor, the presiding Judge, charged that all proceedings must be presumed to be regular; and the appellant's attorneys, in their argument, say that there can be no fault found with this proposition. It is especially applicable to this case, as W. W. Kennedy claimed the land for more than twenty years. *Corbett* v. *Fogle,* 72 S. C., 312, 51 S. E., 884; *Smith* v. *Libby,* Mss. Dec., 2 Rice's Digest, cited in *Sheriff* v. *Welborn,* 14 S. C., 480.

The entering of the judgment in the book of "Abstract of Judgments," was not a prerequisite to a valid sale, as a failure in this respect is a mere irregularity, of which no one but the defendant in the action, in which the judgment was recovered, has the right to take advantage. *Mason* v. *Killough Music Co.,* 45 S. C., 11, 22 S. E., 755.

There was testimony tending to show that H. A. Kennedy was in privity with W. W. Kennedy, and those under whom he claimed—the plaintiff having testified that H. A. Kennedy cultivated a portion of the land for the support of his father and mother, by permission of W. W. Kennedy. The general rule is, that recitals in a sheriff's deed to the effect that an execution was issued, and that a levy was made thereunder, are not evidence of the facts so recited. *Sheriff* v. *Welborn,* 14 S. C., 480.

But where there is privity between the parties the recitals are admissible for the purpose of proving such facts. *Brown* v. *Moore,* 26 S. C., 160, 2 S. E., 9.

Therefore, the recitals in the foregoing deeds were evidence of the facts therein stated.

Furthermore, the provisions of the Code which was adopted on the first of March, 1870, were inapplicable to this case, as one of the deeds shows that the execution was

32—86

lodged in the sheriff's office on the 21st of January, 1870, and the other, that it was lodged on the 26th of January, 1870, which was a compliance with the requirements of the law at that time. Acts of 1791 (7 Stat., 262, section 5) and 1799 (7 Stat., 294, section 4), *Harrison* v. *Maxwell,* 2 N. & McC., 347; *Holloway* v. *Birtwhistle,* 2 N. & McC., 350 (note); *Woodward* v. *Hill,* 3 McC., 241; *Watson* v. *Dickerson,* 4 Rich., 568; *Warren* v. *Jones,* 9 S. C., 288; *Harrison* v. *Mfg. Co.,* 10 S. C., 278.

It cannot be successfully contended that the jury disregarded the charge of his Honor, the presiding Judge, when, as in this case, the testimony was susceptible of more than one inference.

This exception is overruled.

*Second, Third and Seventh Exceptions:* The practical question presented by these exceptions is, whether there was error on the part of the presiding Judge "in instructing the jury that possession of a part under a claim made under an invalid deed, would give possession of the whole." In ruling upon the request set out in the seventh exception, the presiding Judge said:

"That is a correct statement of the law, based upon a claim, where there is no writing showing the extent of the claim, but as I have charged you, if W. W. Kennedy claimed all the land named in any one of those deeds, even though the deed may not have been a valid deed, yet showing the extent of his claim as color of title, and if he claims all of the land and showed possession of any particular part of it, any foot of it, that under the law was possession of all that was included in the boundaries named in the deed, and I so charge you."

Section 102 of the Code is as follows: "Whenever it shall appear that the occupant, or those under whom he claims, entered into possession of the premises, under claim of title, founding such claim upon a written instrument, as being a conveyance of the premises in question, and that

there has been a continued occupation and possession of the premises, included in such instrument, or of some part of such premises, under such claim for ten years, the premises so included shall be deemed to have been held adversely." The words "as being a conveyance of the premises," show that the extent of the occupant's claim founded on an instrument of writing is not dependent upon the validity of such instrument, otherwise there would have been no necessity for this section of the Code. "There is a material difference between proving a deed as a part of a chain of title and introducing a paper to show the extent of a party's possession." *Allen* v. *Johnson,* 2 McM., 495.

The ruling of the presiding Judge is fully sustained by Wood on Limitation of Actions, p. 529, *et seq.*

These exceptions are overruled.

*Fourth, Fourth (No. 2), Fifth, Sixth and Eighth Exceptions:* There are two exceptions numbered "IV;" we have therefore marked one of them "No. 2." The reasons assigned by the presiding Judge, in ruling upon the requests mentioned in said exceptions, are satisfactory to this Court, and show that they can not be sustained.

There is another reason why the request mentioned in the sixth exception was objectionable. Rule 77 of the Supreme Court is as follows: "The point that there is no evidence to support an alleged cause of action shall be first made by a motion for nonsuit, or a motion to direct the verdict." The point that "no proof has been made that during his lifetime any taxes were paid by the said W. W. Kennedy on the premises," should have been made by motion for nonsuit or the direction of a verdict.

*Ninth Exception:* As hereinbefore stated, Mrs. Kennedy, the plaintiff, testified that H. A. Kennedy cultivated the land by permission of W. W. Kennedy. If so, this testi-

mony tended to show that H. A. Kennedy held in subordination to the title of W. W. Kennedy; and we fail to see wherein the charge was prejudicial to the rights of the appellant.

*Eleventh Exception:* The appellant's attorneys, in their argument, state that their remarks with reference to the fifth exception are applicable to the question presented by this exception. We do not deem it necessary to assign other reasons than those mentioned in disposing of the fifth exception.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.