18863

John WOODLE, Lawrence Woodle, Mitchell Woodle, Marvin Woodle, Mattie W. Cherry, Nellie W. Haselden and Ethel W. Squires, Respondents, v. H. L. TILGHMAN, Jr. and Anne T. Boyce, Appellants.

(165 S. E. (2d) 702)

*Messrs. Derrick & Derrick,* of Marion, *for Appellants,*

*Messrs. W. T. McGowan, Jr. and George W. Keels,* of Florence, *for Respondents,*

*Messrs. Derrick & Derrick,* of Marion, *for Appellants, in Reply,*

January 23, 1969.

LITTLEJOHN, Justice.

This is an action to remove a cloud from a title to real estate. The defendants demurred to a supplemental complaint and have appealed to this court from an order of Circuit Judge James A. Spruill, Jr., overruling the demurrer.

The action was originally instituted in May 1952. Thereafter, in August, 1953, an amended complaint was served. Upon an agreed statement of facts the issue of construction of the will of Araline Moneyham involved in the chain of title was submitted to the circuit judge, and upon appeal from the order of the circuit court this court held that the will of Araline Moneyham, executed in 1889 and probated the same year, vested an estate know as a a fee simple conditional estate in the devisee, Della Moneyham (Woodle). See 234 S. C. 123, 107 S. E. (2d) 4 (1959).

Within the same action the plaintiffs have now served a supplemental complaint based on alleged adverse possession. There were before the lower court only two instruments: first, the supplemental complaint, and second, the demurrer. Accordingly, a ruling must be made based on these two instruments alone.

The supplemental complaint is as follows:

"The plaintiffs complaining of the defendants allege:

"1. That Araline Moneyham died during the year 1889, owning in fee simple the following described tract of land, situated in Dillon County (formerly a part of Marion County), South Carolina.

" 'All of that certain piece, parcel, or tract of land, situate, lying and being in Dillon County, South Carolina, containing Sixty Eight (68) acres, more or less, and bounded on the North by lands of J. F. Dew; on the South by the Great Pee Dee River; on the East by lands formerly of the estate

of R. H. Harper; and on the West by Breeden lands and lands now or formerly owned by J. F. Dew.'

"2. That at her death, Araline Moneyham left in force and effect her last Will and Testament dated January 31, 1889, admitted to Probate in common form by the Judge of Probate for Marion County on June 13, 1889, and recorded in the office of the Probate Judge of Marion County in Will Book 5 at page 26. Item 5th of the Will of Araline Moneyham provided as follows:

"I give and devise to Della Moneyham (now about fifteen years of age) for life only and then unto the lawful issue of her body, and if she should die without children, then to Robert Harper's children share and share alike, all that tract of the James Godbold land North of a line run by J. B. White, Surveyor, during the year 1887, from Great Pee Dee River in the direction of Bear Branch.

"3. That Della Moneyham, to whom the property above mentioned was devised by Araline Moneyham, died in May, 1931, and the plaintiffs are her children.

"4. That it was the belief of the plaintiffs that the Will of Araline Moneyham gave the above described property to them after the life estate given to their Mother, Della Moneyham Woodle, and in the original complaint filed in this action the plaintiffs alleged that the subject property had been Willed to them by Araline Moneyham, and they further alleged that they, the childen of Della Moneyham Woodle, had been in possession of the premises continuously, adversely, openly and exclusively, holding the same as their own against the defendants and every other person whomsoever from and after the death of Della Moneyham Woodle.

"5. That since the commencement of this action, the Will of Araline Moneyham, particularly Item 5th set forth above, has been construed by the Supreme Court of the state of South Carolina, and Item 5th has been interpreted as vesting an estate known as a fee simple conditional estate in Della Moneyham Woodle. The Supreme Court further held

that a subsequent deed given by Della Moneyham Woodle was effective to convey the fee simple title to the premises.

"6. That although the Will of Araline Moneyham has now been so construed by the Supreme Court of the state of South Carolina at the time of the commencement of this action, the plaintiffs believe that under the Will of Araline Moneyham they were the owners of a fee simple title to the premises, and upon the death of Della Moneyham Woodle in the year 1931, the plaintiffs entered into the possession of the property herein described under claim of title, exclusive of any other right, founding such claim, upon the Will of Araline Moneyham as being a devise and a conveyance to them of the premises in question, and the plaintiffs have maintained for a period of more than ten years a continued adverse, hostile, open and exclusive occupation and possession of the premises or some part thereof under such claim until the commencement of this action in 1952, and by reason of such adverse possession and occupation under a written instrument as color of title for a period of more than ten years the plaintiffs are the owners in fee simple of the property described in Item 5th of the Will of Araline Moneyham.

"7. That as mentioned above, during her lifetime, Della Moneyham Woodle, gave a deed for the premises to one Philip C. Dew, which deed was followed by a series of deeds ending in a deed of one Mae Chilson Canterbury to the defendants, H. L. Tilghman, Jr. and Annie T. Boyce; dated February 18, 1948, and recorded in the office of the Clerk of Court for Dillon County in Deed Book 48 at page 317.

"8. That the (sic) by reason of the deed of Mae Chilson Canterbury, mentioned above, the plaintiff is informed that the defendants make some claim to the premises herein described, but the plaintiffs deny that any claim of the defendants is valid.

"9. That the plaintiffs are the owners in fee simple of the lands described in paragraph No. 7. The deed of Mae Chilson Canterbury to the defendants, H. L. Tilghman, Jr. and Anne

T. Boyce and the other deeds mentioned above, are of no effect for any purpose, and they constitute a cloud upon the title of the plaintiffs, and the plaintiffs are entitled to have such cloud removed from their title by cancellation of the deeds.

"*Wherefore,* the plaintiffs pray that:

"1. The Court determine that the adverse claim of the defendants is of no validity and effect, and

"2. That the plaintiffs be adjudged and determined to be the owners of the premises in fee simple, and

"3. That the cloud cast upon the title of the plaintiffs by the deeds herein mentioned and described be removed by cancellation of the deeds upon the public records of Dillon County."

For the purpose of considering the demurrer we have of course assumed all facts alleged in the supplemental complaint to be true and have disregarded any facts alleged in the original complaint, the amended complaint or stated in the earlier supreme court opinion.

The demurrer is on the ground that the supplemental complaint does not state facts sufficient to constitute a cause of action. Five particulars are set forth under this contention. Four of these were correctly overruled by the circuit judge because they were not proper grounds for demurrer under our Code Section 10-642. The fifth contention was overruled on the merits. It reads as follows:

"That the plaintiffs cannot claim title by adverse possession claiming the will of Araline Moneyham as 'color of title' to invoke the ten-year statute since by the decision of the Supreme Court of the State of South Carolina in this action the matter is *res adjudicata* that the plaintiffs inherited nothing under said will. The said statute requires that plaintiffs must be founding such claim upon a written instrument 'as being a conveyance of the premises' and since the lands had previously been conveyed to defendants'

predecessors in title, plaintiffs could not claim this will as being any conveyance of the premises."

We agree with the trial judge that the demurrer should have been overruled. While it is true that these plaintiffs took nothing under the will of Araline Moneyham, the provision in the will was so worded that it understandably may have appeared to a layman to give the plaintiffs a fee simple title after the death of their mother, Della Moneyham; and, we might add, it also appeared to the circuit judge (who was reversed on appeal) that these plaintiffs took title under the will and were accordingly entitled to possession after 1931. It is the plaintiff's contention that they interpreted the will as the circuit judge did and occupied the premises after the death of their mother in 1931 for a period of more than ten years before the commencement of this action in 1952 and that this occupation constituted adverse possession under color of title.

Plaintiffs did not have title as they apparently thought, and as they now concede. They apparently did not know until this court's ruling in 1959 that they took nothing under the will.

It is argued that one who has been deprived of color of title cannot rely upon the same. We agree that plaintiffs cannot rely upon color of title after the former ruling of this court. However, this does not mean that they could not rely on color of title prior to 1959.

The lower court and this court have heretofore interpreted the will of Araline Moneyham. Neither court has determined whether these plaintiffs have acquired the property by adverse possession. If the issue is res judicata, as contended by appellants-defendants, certainly such does not appear on the face of the complaint, and the complaint is therefore not subject to attack by demurrer.

Color of title in and of itself does not establish adverse possession. It is at most evidence of the extent of the claim to be considered in connection with the

other facts in a case. The language in the case of *Graniteville Co. v. Williams,* 209 S. C. 112, 39 S. E. (2d) 202 (1946), as quoted by then Justice now Chief Justice Moss in the case of *Mullis v. Winchester,* 237 S. C. 487, 118 S. E. (2d) 61 (1961), is pertinent here.

"Color of title means 'any semblance of title by which the extent of a man's possession can be ascertained'. *Turpin v. Brannon,* 3 McCord, 261. It 'is anything which shows the extent of occupant's claim'. *Sprott et al. v. Sprott et al.,* 114 S. C. 62, 96 S. E. 617. 'The object of color of title is not to pass title. In that case it would be title, not color of title. The only office of color of title is to define the extent of the claim and to extend the possession beyond the actual occupancy to the whole property described in the paper. * * * It is by no means necessary that the paper should be in the form of a deed. A bond or even a receipt would be sufficient'. *Fore v. Berry,* 94 S. C. 71, 78 S. E. 706, 709, Ann. Cas. 1915A, 955. Also, see *Gray v. Bates,* 3 Strob. 498. Manifestly, an instrument in order to constitute color of title need not be valid as a muniment of title. The extent of the occupant's claim founded on an instrument of writing is not dependent upon the validty of such instrument. *Frady v. Ivester,* 129 S. C. 536, 125 S. E. 134. A deed may be color of title although the grantor was without interest or title in the land conveyed. 'There is a material difference between proving a deed as a part of a chain of title and introducing a paper to show the extent of the party's possession'. *Kennedy v. Kennedy,* 86 S. C. 483, 68 S. E. 664, 669."

One may acquire property actually occupied by adverse possession without color of title. The principal purpose of color of title in adverse possession proceedings is not to show actual grant of land or interest therein, but to designate boundary of possessor's claim. It constructively extends possession to the boundaries described in the instrument under which color of title is claimed.

We cannot say from the pleadings in the case that the will of Araline Moneyham could not serve as "color of title," and the circuit judge properly so held.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.