[No. 3,713.]

## JOHN QUIRK *v.* J. C. FALK AND TWELVE OTHERS.

47  453
80  316
47  453
98  337

SHERIFF'S DEED.—A party who relies on a Sheriff's deed, must offer in evidence not only the deed, but the judgment and the execution, by virtue of which the property was sold.

APPURTENANCES OF A MINING CLAIM,—If a mining company owns a mining claim, and buys a water ditch, "and the water rights thereto appertaining," this purchase does not, of itself, constitute the ditch and water rights appurtenances of the mining claim.

IDEM.—If there is a ditch leading out of a creek, and a mining company owns the ditch, and also owns a mining claim, and uses a portion of the waters of the creek in working its claim, it does not follow that the ditch is an appurtenance of the mining claim.

PROOF OF WHAT IS AN APPURTENANCE.—The one who asserts that a ditch and its water rights are appurtenant to a mining claim, has cast on him the burden of proving that such is the fact.

IDEM.—The party who buys a mining claim and its appurtenances, and who asserts that a ditch and its water rights passed to him by the conveyance, as appurtenances to the claim, must, in order to hold them as such, prove that they were appurtenances.

APPEAL from the District Court of the Second Judicial District, County of Plumas.

The plaintiff appealed from an order denying a new trial. The other facts are stated in the opinion.

*Goodwin & Hall,* for Appellants.

*P. O. Hundley* and *G. C. Clough,* for Respondents.

By the Court, RHODES, J.:

The plaintiff alleges, that he is the owner of a certain water ditch, known as the Ohio Water Ditch; that by means of it, he and his grantors, since 1852, have continuously diverted and appropriated all the waters of Burg Creek, and that while he was such owner, the defendants diverted the water of Burg Creek from the ditch, and threaten to continue to divert the same. He prays for an injunction to restrain the defendants from further diverting such waters, and for a judgment for the damages sustained by the diversion complained of. The defendants had judgment.

It was admitted that Hollingworth & Clark originally owned the water ditch described in the complaint; and it was proven that they conveyed it, and the water rights thereto appertaining, to the " Monitor Company." After that conveyance was made, Conly & Trainor obtained a judgment against the Monitor Company. The plaintiff introduced in evidence two deeds, the one executed by the Sheriff to Conly & Trainor, purporting to be made in pursuance of a sale under execution issued upon the above-mentioned judgment; the other executed by Conly & Trainor to the plaintiff. The Court found for the defendant, one of the findings being to the effect, that Conly & Trainor acquired no right, title or interest in or to the waters of said Burg Creek under the Sheriff's deed above referred to; and judgment was rendered upon the findings, that the plaintiff take nothing by his complaint.

The plaintiff cannot maintain the action on the evidence in the record, unless it be sufficient to establish the fact, that he acquired the title of the Monitor Company to the property in question. We are not apprised of the precise ground upon which the Court found that the Sheriff's deed did not convey the property to Conly & Trainor. But

there is one fatal objection to the deed, which may be mentioned though not noticed by counsel. The party relying on a Sheriff's deed must produce not only the judgment and the Sheriff's deed, but also the execution under which the property was sold. No execution was given in evidence.

But, passing this point, the description of the property in the Sheriff's deed will be noticed. The deed purports to convey "all the estate, right, title and interest of the said Monitor Gold Mining and Lumber Manufacturing Company * * * in or to all the following land or claims, situated * * * generally known and designated as the 'Monitor claims,' bounded on the north-west by the Golden Age mining claims, and on the south-east by the Buckeye mining claims, together with all and singular the buildings, machinery, water-ditches and privileges, together with the hereditaments and appurtenances thereunto belonging or in anywise appertaining." The Ohio water-ditch and its appurtenant water rights are not described in terms in the deed, and are not included in the description above given, unless they are appurtenant to the "Monitor claims." The mere fact that the Monitor Company purchased the Ohio water-ditch, and the water rights appurtenant thereto, would not constitute them appurtenances of the "Monitor claims."

It is alleged in the complaint that the ditch was constructed and used for the purpose of conveying water to Richmond Hill, and the Monitor Company might, after its purchase, have used it solely for the same purpose. It appears, from the evidence, that the Monitor Company used a portion of the waters of Burg Creek in working their claims, before the purchase of the ditch; but even if it used more of such waters after the purchase of the ditch, it does not necessarily follow that the ditch was used in the working of the claims, or by any means became appurtenant thereto. It is not proven that a larger portion of the waters was used in working those claims before than after the purchase of the ditch. The burden of proof was upon the plaintiff to show that the water rights in controversy were appurtenant to the "Monitor claims." This may be

illustrated by supposing that an action had been brought by the purchasers at the Sheriff's sale for the recovery of a parcel of machinery, claiming that the title passed to them by the deed above mentioned. It is manifest that they could not have recovered, without proof that such parcel of machinery had been used in working the mining claims, and thus became appurtenant thereto. The plaintiff here has failed to prove that the Ohio water-ditch, and the water thereto pertaining, became appurtenant to the "Monitor claims;" and therefore has failed to prove that the title thereto passed, by virtue of the Sheriff's deed, to Conly & Trainor.

Judgment and order affirmed. Remittitur forthwith.