[No. 9,435. Department One.—May 20, 1884.]

ANNIE SCHUYLER, RESPONDENT, v. R. J. BROUGH-TON, APPELLANT.

INJUNCTION TO RESTRAIN SHERIFF FROM EXECUTING A DEED—INSUFFICIENCY OF COMPLAINT.—In an action to enjoin a sheriff from executing a deed to a purchaser of real estate sold by him, the complaint must allege facts which show that in an action of ejectment founded on such a deed he would be required to offer evidence to overcome the effect of the deed. A complaint which alleges that the sheriff levied upon the property under a writ of execution issued in a certain action, but omits to allege the rendition of a judgment, is fatally defective. An allegation that the deed, if executed, would be a cloud upon the title of the plaintiff is a mere conclusion of law.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*B. F. Thomas*, for Appellant.

The complaint is fatally defective for want of an allegation that a judgment had been obtained. (*Quirk* v. *Falk*, 47 Cal. 455; *Los Angeles Bank* v. *Raynor*, 61 Cal. 146; *Hihn* v. *Peck*, 30 Cal. ·288; *Vassault* v. *Austin*, 32 Cal. 597; *Hibernia S. & L. Soc.* v. *Ordway*, 38 Cal. 680.)

*W. C. Stratton*, for Respondent.

The holder of the deed would be required in ejectment to introduce the judgment, but in an action of this kind we are not required to plead it.

The sheriff's deed would be a cloud upon plaintiff's title, because in an action of ejectment founded on the deed, she would be required to offer evidence to defeat a recovery. (*Pixley* v. *Huggins*, 15 Cal. 128; *Englund* v. *Lewis*, 25 Cal. 337; *Lick* v. *Ray*, 43 Cal. 83.)

The COURT. — The action is to enjoin defendant from executing to the purchaser a deed of certain real property, alleged to belong to plaintiff, and to have been sold by defendant as property of plaintiff's husband. The defendant's demurrer to the complaint should have been sustained. The allegation that the deed, if executed, will be a cloud upon plaintiff's title, is merely a legal conclusion. There is an allegation "that the defendant levied upon said real property under and by virtue of a writ of execution, issued out of the Superior Court of the county of Santa Clara, in an action of Henry Miller, plaintiff, and W. H. Schuyler, defendant," etc. There is no averment that any judgment was ever rendered or entered in the action *Miller* v. *Schuyler*.

A plaintiff asking a decree to enjoin the execution of a deed must allege facts showing that, in an action of ejectment founded on the deed, he would be required to offer evidence to overcome the effect of the deed. (*Pixley* v. *Huggins*, 15 Cal. 128; *Englund* v. *Lewis*, 25 Cal. 337.)

A sheriff has no general authority, as such, to sell any person's property. And although an execution, issued out of a court of competent jurisdiction, may protect him in an action of trespass brought by the judgment debtor against whom the execution runs, for taking personal property, it will not protect him in an action brought by a third person, nor will it suffice to deraign title to real estate to the purchaser at the execution sale. A party in ejectment relying on a sheriff's deed must introduce not only the deed, but the judgment and execution by virtue of which the property was sold. (*Quirk* v. *Falk*, 47 Cal. 455.) The sheriff's deed is not admissible in evidence without first introducing the judgment which is the authority for the sheriff to sell. (*Vassault* v. *Austin*, 32 Cal. 597.) An execution, without a judgment, gives the sheriff no authority to sell. (*Jackson* v. *Hasbrouck*, 12 Johns. 213; *Smith* v. *Moreman*, 1 Mon. 155.)

If the defendant here should execute the deed, the execution of which plaintiff seeks to enjoin, and an ejectment should be brought upon it, the deed and execution would not, in the absence of a judgment, compel the plaintiff to introduce any evidence.

It follows, therefore, that the omission to aver in the complaint the existence of a judgment is a fatal defect.

Judgment and order reversed, and cause remanded, with directions to the court below to sustain the demurrer to the complaint.

Hearing in Bank denied.