[No. 11733.   In Bank. — December 10, 1888.]

WILLIAM LEVISTON, RESPONDENT, *v.* G. HENNINGER ET AL., APPELLANTS.

EJECTMENT — EXECUTION SALE UNDER DEFICIENCY JUDGMENT — EVIDENCE OF TITLE. — The plaintiff in an action of ejectment, claiming title under an execution sale upon a judgment for a deficiency after a sale under a decree of foreclosure, must introduce in evidence the deficiency judgment as docketed, and also the return of the sheriff on the foreclosure sale showing what the deficiency was.

FORECLOSURE — SALE UNDER DEFICIENCY JUDGMENT WHEN PASSES TITLE. — An execution sale under the foreclosure of a mortgage passes only the interest which the mortgagor has in the mortgaged premises. If he has no interest, and the title is in a defendant against whom a deficiency judgment is rendered, a purchaser claiming under a sale under the deficiency judgment acquires the title as against a purchaser claiming under the judgment of foreclosure.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*R. W. Hent,* and *Henry Miller,* for Appellants.

*Thomas D. Riordan,* and *William Leviston,* for Respondent.

McFARLAND, J.—This is an action of ejectment. Judgment went for plaintiff, and defendants, Henninger and Martina Castro de Newton, appeal from the judgment and from an order denying a new trial.

Plaintiff claims title to the land in contest through a sheriff's sale under an execution issued upon a judgment for a deficiency after a sale under a decree of foreclosure in the case of *Dean* v. *Castro et al.* To establish his title, plaintiff introduced the judgment roll in *Dean* v. *Castro,* down to and including the decree of foreclosure. He also introduced an execution which recited that the sheriff, after a sale under the foreclosure decree, made a return upon the order of sale showing a deficiency of $434.88, and that a judgment was docketed for that amount; but he did not introduce the judgment itself, as docketed, nor the order of sale and return of the sheriff thereon showing the deficiency. Defendants objected to the evidence introduced because the deficiency judgment, order of sale, and sheriff's return were not introduced, and plaintiff having rested, they moved for a nonsuit upon the same grounds, and their motion was denied.

The defendants were undoubtedly right in their position. It is clearly the general rule that a plaintiff in ejectment, claiming title under an execution sale, must introduce the judgment upon which the execution issued. A recital of the judgment in the execution is not sufficient; the best evidence of the judgment is the judgment itself. (*Schuyler* v. *Broughton,* 65 Cal. 252, and cases there cited; *Hihn* v. *Peck,* 30 Cal. 288.) And what is necessary proof of the docketing of a judgment for a deficiency arising after a sale under a decree of fore-

closure must be governed by the same rule, namely, the rule of the best evidence. A docketed deficiency judgment has, no doubt, under our code, a somewhat peculiar character. It is not expressly made part of the judgment roll. And as held in *Bowers* v. *Crary,* 30 Cal. 622, it cannot be considered as an entirely new and independent judgment. But it differs from the docketing of an ordinary money judgment in this, that it makes definite and certain what, in the decree of foreclosure, was a mere contingent provision (*Chapin* v. *Broder,* 16 Cal. 423); while in the other case the docketing has only the effect of establishing a lien for an amount already ascertained and declared in the judgment. In the said foreclosure decree involved in the case at bar, it is provided that if the proceeds of the sale of the mortgaged premises shall be insufficient to pay the amount found due, the sheriff shall report the deficiency; that upon the return of the sheriff "a judgment of this court shall be docketed for such balance against the defendant Martina Castro"; that the said Castro shall "pay to said plaintiff the amount of such deficiency and judgment"; and "that the plaintiff have execution therefor." Under the decree, therefore, the validity of the execution depended upon the docketing of the judgment for the deficiency reported by the sheriff; and as it was a matter of record, it should have been proved by the record itself. And as the docketing of the judgment for the deficiency was based on the return of the sheriff showing what the deficiency was, the return of the sheriff should also have been introduced. For these reasons the order denying a new trial must be reversed.

Upon the other matters determined in the case we think that the court below was right. The foreclosure of the mortgage in the case of *Dean* v. *Castro,* and the sale under the decree, carried only the interest which the mortgagor, Riordan, had in the mortgaged premises. But he never had any interest in or title to said prem-

ises.  They belonged all the time to Martina Castro, and the title thereto was in her.  Her title was hostile and paramount to that of the mortgagor; and it was, therefore, not affected by the decree of foreclosure.  But if there was a judgment for a deficiency docketed against her personally, and upon a sale under an execution issued upon such judgment, her interest in the land went to plaintiff, then the latter has the title, and should recover against the defendants, who claim under the foreclosure sale.

The order denying the motion for a new trial is reversed, and the cause remanded for a new trial.

SEARLS, C. J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.