[18011.  Department One.—May 26, 1893.]

# W. P. BULLARD, APPELLANT, *v.* JAMES McARDLE ET AL., RESPONDENTS.

| 98 | 355 |
| 106 | 593 |
| 98 | 355 |
| 114 | 374 |
| 98 | 355 |
| 124 | 470 |

EXECUTION—SALE OF PROPERTY—PURCHASER MUST SHOW VALID JUDGMENT AT DATE OF PURCHASE.—One who deraigns title to property through a sale under an execution must show, not only the execution and sale, but also a valid judgment in support of the execution, and the purchaser must see, at his peril, that there is a valid judgment in existence at the time he make his purchase.

ID.—JUDGMENT ESSENTIAL TO POWER OF SHERIFF—BONA FIDE PURCHASER WHEN NOT PROTECTED.—The sheriff in making a sale of property under an execution acts under a naked statutory power dependent for its existence upon the existence of the judgment which he is attempting to execute; and if there is no judgment in support of the writ of execution under which he makes the sale, the power to make the sale is wanting, and no title to the property passes, even to an innocent purchaser.

ID.—SALE AFTER EXTINCTION OF JUDGMENT—POWER OF SALE DESTROYED.—Where a judgment in existence at the time of the issuance of an execution has been vacated or satisfied in any way, directly or indirectly, before any sale has been made, the power to make the sale has also been destroyed.

ID.—NOTICE TO PURCHASER OF EXISTENCE OF POWER.—The purchaser under a power is chargeable with notice if the power does not exist, and purchases at his peril.

ID.—SALE UNDER JUSTICE'S JUDGMENT AFTER VACATION OF ORDER DISMISSING APPEAL.—Where an appeal was taken from a judgment recovered in a justice's court, and the superior court dismissed the appeal upon the ground that no papers had been filed, and execution was thereupon issued upon the judgment in the justice's court, and a sale of goods was made thereunder, but before the making of the sale, the superior court finding that, in fact, all the papers had been filed, vacated its previous order of dismissal, the sale under the execution issued out of the justice's court passed no title to the goods sold.

ID.—NOTICE TO PURCHASER—PROCEEDINGS IN SUPERIOR COURT.—The purchasers under the execution were charged with notice of the proceedings in the superior court as well as in the justice's court, and they could not rely upon the fact

that a copy of the order dismissing the appeal had been filed in the justice's court, but assumed at their risk the regularity of that order, as well as any subsequent proceedings in the superior court, and their ignorance of the subsequent order vacating it, is not available to them in their attempt to retain the property purchased by them under the execution.

ID.— EFFECT OF APPEAL— VACATION OF JUSTICE'S JUDGMENT— JURISDICTION OF SUPERIOR COURT— PRESUMPTION OF REGULARITY OF ORDERS. — An appeal from a justice's court to the superior court upon questions of law and fact, upon the giving of a proper stay bond, deprives the former of all jurisdiction over the case, and vacates and sets aside the judgment therein, and the case is thereafter in the superior court, and the rights of the parties are to be determined by the action of that court, which is of general jurisdiction, and all of whose orders are attended with a presumption of regularity.

ID.— EFFECT OF ORDER VACATING DISMISSAL— FILING IN JUSTICE'S COURT. — An order of the superior court vacating a previous order of dismissal, and recalling execution, leaves the cause undetermined and pending before it, as it was when the appeal was first perfected; nor is it necessary to the validity of such order that it should be filed in the justice's court.

APPEAL from an order of the Superior Court of Fresno County granting a new trial.

The facts are stated in the opinion of the court.

*Frank H. Short,* and *D. M. Seaton,* for Appellant.

The justice's court having lost jurisdiction the execution issued therefrom was illegal and void, and no sale thereunder could pass title. (*Hunt* v. *Loucks,* 38 Cal. 372; 99 Am. Dec. 404; *Woodcock* v. *Bennett,* 1 Conn. 711; 13 Am. Dec. 568; Freeman on Void Judicial Sales, secs. 2, 7, 8, 26.)

*Church & Corey,* for Respondents.

The defendants were purchasers in good faith for a valuable consideration, and were not charged with notice of any defect or irregularity in the proceedings prior to the levy and sale, the judgment and execution being regular on their faces. (*Blood* v. *Light,* 38 Cal. 658; 99 Am. Dec. 441; *Bagley* v. *Ward,* 37 Cal. 121; 99 Am Dec. 256; *Smith* v. *Randall,* 6 Cal. 47; 65 Am. Dec. 475; *Shores* v. *Scott River W. Co.,* 17 Cal. 628; *Kelley* v. *Desmond,* 63 Cal. 519; *Hibberd* v. *Smith,* 67 Cal. 564; 56 Am. Rep. 726; *Frink* v. *Roe,* 70 Cal. 296; Freeman on Executions, secs. 24, 26–33, 39, 261, 286, 341, 343, 345, 364, 365; Freeman on Void Judicial Sales, sec. 41.)

HARRISON, J. — A money judgment was recovered in the justice's court against the plaintiff herein, on the 19th of July, 1889, from which on the same day he appealed to the superior court upon questions of law and fact, giving a sufficient under-taking for the appeal, and to stay execution upon the judgment. The record on the appeal was filed in the superior court September 5, 1889, but on the 21st of October the plaintiff in the action, evidently not knowing that fact, obtained an order dismissing the appeal, upon the ground that the papers on appeal had not been filed. The appeal when filed had been numbered 2820 on the register of actions in the superior court, and the motion to dismiss the appeal, as well as the order of dismissal, were entitled as of a case No. 2909 on that register. On the next day after this order was made a certified copy thereof was filed in the justice's court, and an execution upon the judgment appealed from was issued and placed in the hands of the officer for service. On the 29th of October the superior court made an order vacating its previous order dismissing the appeal and recalling the execution that had been issued out of the justice's court, but no copy of this order was filed in the justice's court. On the 7th of November the constable, by virtue of the execution, sold certain cattle of the plaintiff to the defendants herein, and immediately after the sale the plaintiff herein demanded the property from the defendants, and upon their refusal brought this action of claim and delivery. The property was delivered to him pending the action, and the court rendered judgment in his favor. The defendants moved for a new trial, which was granted, and the plaintiff has appealed from that order.

One who deraigns title to property through a sale under an execution must show, not only the execution and the sale, but also a valid judgment in support of the execution. (*Blood* v. *Light*, 38 Cal. 654; 99 Am. Dec. 441; *Quirk* v. *Falk*, 47 Cal. 453; *Schuyler* v. *Broughton*, 65 Cal. 252.) The sheriff in making the sale acts under a naked statutory power, dependent for its existence upon the existence of the judgment which he is attempting to execute, and if there is no judgment in support of the writ of execution, under which he makes the sale, the power to make the sale is wanting. By obtaining his judg-

ment the plaintiff has become authorized to satisfy the amount
therein named out of the defendant's property, and the law
designates the sheriff as his agent to effect this result. The
sheriff is, however, but the agent of the plaintiff in making the
satisfaction, and can exercise no greater power therefor than
could the plaintiff himself. Unless there is a valid judgment in
existence, neither the plaintiff himself nor the sheriff has any
authority to deprive the defendant of his property. Even
though there was a judgment in existence at the time the writ
of execution was issued, yet, if it has been vacated or satisfied
before any sale is made under the execution, the power to make
the sale has also been destroyed; and it is immaterial whether
the judgment was directly satisfied or vacated, as by payment,
or an order of court, or indirectly, as by granting a new trial
in the action, or by an appeal whose effect is to prevent its
execution. A different rule obtains when the judgment is
vacated or appealed from after a sale of property under its
authority. In such a case the *bona fide* purchaser is not
affected even by a reversal of the judgment. It is, however,
always incumbent upon the purchaser to see at his peril that
there is a valid judgment in existence at the time he makes his
purchase. (Hermann on Executions, sec. 255; *Wood* v. *Colvin*,
2 Hill, 566; 38 Am. Dec. 598; *Frost* v. *Yonkers Sav. Bank*,
70 N. Y. 553; 26 Am. Rep. 627; *McClure* v. *Logan*, 59 Mo.
234.) "The sheriff, in making sale of property under process
of the court, acts under a power, and if the power does not
exist, no title passes, even to an innocent purchaser. He who
buys under a power buys at his peril, and acquires no title with-
out showing a valid, subsisting power." (*Carpenter* v. *Stilwell*,
11 N. Y. 71.) "The judgment was the sole foundation of the
sheriff's power to sell and convey the premises, and if the judg-
ment was paid when he undertook to sell and convey, his power
was at an end, and all his acts were without authority and void.
The purchaser under a power is chargeable with notice if the
power does not exist, and purchases at his peril." (*Craft* v.
*Merrill*, 14 N. Y. 461.)

By perfecting the appeal from the justice's court the case was
entirely removed from that court, and only the superior court
had thereafter jurisdiction in the matter. The judgment in the

justice's court was not merely suspended, but by the removal of the record was vacated and set aside. (*Thornton* v. *Mahoney*, 24 Cal. 569; *People* v. *Treadwell*, 66 Cal. 400.) When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not thereafter available for any purpose. (*Bank of North America* v. *Wheeler*, 28 Conn. 441; 73 Am. Dec. 683; *Campbell* v. *Howard*, 5 Mass. 376; *Levi* v. *Karrick*, 15 Iowa, 444; *Keyser* v. *Farr*, 105 U. S. 265.)

The order made by the superior court, vacating its previous order of dismissal, took from the execution that had been issued by the justice its entire vigor, and rendered the acts of the officer thereunder nugatory. The judgment upon which it was issued had been vacated by an appeal therefrom, which was sufficient both in form and in substance to divest the justice's court of any further jurisdiction over the case. The case was thereafter in the superior court, and the rights of the parties were to be determined by the action of that court. Being a court of general jurisdiction, all its orders are attended with the presumption of regularity (*Sherer* v. *Superior Court*, 94 Cal. 354), and its order vacating its previous order of dismissal, and recalling the execution, left the cause undetermined and pending before it, as it was when the appeal was first perfected. It was not essential to the validity of this order that it should be filed in the justice's court. It was effective as soon as it was made. The defendant had done all that was required of him in taking the appeal, and it was not necessary for him to take any steps to protect himself from further proceedings in the justice's court. It was, however, incumbent upon the purchasers at the sale, under the execution issued out of the justice's court, to see that such execution was supported by a valid judgment, and they were charged with notice of the proceedings in that court, and that the judgment had been appealed from prior to the issuance of the execution. They were also charged with notice that the cause was thereafter pending in the superior court, and they were required to examine the proceedings of

that court to find support for the issuance of the execution. They could not rely upon the fact that a copy of the order dismissing the appeal had been filed in the justice's court. They assumed at their risk the regularity of that order, as well as any subsequent proceedings in the superior court, and the ignorance of the subsequent order vacating it is not available to them in their attempt to retain the property of the plaintiff herein, which they purchased in reliance upon the order of dismissal.

Inasmuch as upon the uncontroverted facts in the case the decision could not have been different from that which was given at the trial, the order for a new trial cannot be sustained, and it is therefore reversed.

GAROUTTE, J., and McFARLAND, J., concurred.