[L. A. No. 4234.   Department One.—April 17, 1918.]

## JULIA E. RUSHTON, Appellant, v. SIDNEY N. REEVE et al., Respondents.

JUSTICE'S COURT—APPEAL TO SUPERIOR COURT—QUESTIONS OF LAW ALONE —ENFORCEMENT OF JUDGMENT PENDING APPEAL.—Where an appeal is taken to the superior court from a judgment of a justice's court upon questions of law alone and no stay bond is filed, it is competent for the justice, even before the disposal of the appeal, to enforce the judgment by execution.

ID.—ACTION TO ENJOIN EXECUTION OF JUSTICE'S COURT JUDGMENT— PLEADING—CONCLUSION OF LAW.—Where, in an action to enjoin the execution of a justice's court judgment, it is alleged that, at the time of the issuance of the execution complained of, the judgment of the justice "had been fully vacated, avoided, and set aside," but facts are alleged showing that after the plaintiff had taken an appeal to the superior court, that court had, on motion, dismissed the appeal and ordered the papers returned to the justice, the allegation of the vacating of the judgment is shown by the context to be a mere conclusion of law and not equivalent to an allegation as a fact that the appeal from the judgment had been taken on "questions of law *and fact.*"

ID.—DEMURRER.—In an action to enjoin the execution of a justice's judgment on the ground that the same stood vacated by the taking of an appeal to the superior court therefrom, a demurrer to the complaint is properly sustained where it is not alleged that the appeal was taken on questions of law *and fact,* since an appeal without a stay bond does not prevent the enforcement of a justice's judgment where the appeal is taken on questions of law alone.

ID.—DISMISSAL OF APPEAL BY SUPERIOR COURT—CONCLUSIVENESS ON COLLATERAL ATTACK.—The superior court having jurisdiction of an appeal from a justice's judgment had power to dismiss it, and its judgment dismissing such appeal on the ground that it had not been duly perfected is conclusive upon collateral attack, and justifies an order dissolving a preliminary injunction in an action to restrain the execution of the judgment.

APPEALS from a judgment of the Superior Court of Los Angeles County, and from an order dissolving a preliminary injunction.   Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Oliver O. Clark, and George M. Pierson, for Appellant.

George H. Kelch, for Respondents.

SHAW, J.—The complaint in this case purports to state a cause of action to enjoin the defendants from enforcing a judgment alleged to have been rendered in July, 1914, for the defendant Kelch against the plaintiff. The court below sustained demurrers to the complaint and thereupon gave judgment for the defendants. A preliminary injunction had been issued upon the filing of the complaint and the court also, prior to rendering the judgment, made an order dissolving such preliminary injunction. The plaintiff appeals from the judgment and from the order denying the preliminary injunction.

It appears that Kelch recovered judgment in the court of Sidney N. Reeve, then a justice of the peace of Los Angeles township, against the plaintiff Julia E. Rushton and others; that Julia E. Rushton took an appeal from said judgment to the superior court of the county; that thereafter the superior court on motion of Kelch, the plaintiff in said judgment, dismissed said appeal and ordered all the papers to be returned to the justice's court, and thereupon the justice proceeded to issue an execution upon said judgment.

The complaint does not state whether the appeal was taken on questions of law alone or on questions of law and fact. There are decisions of this court to the effect that when an appeal is taken on questions of law and fact, and before its final disposition in the superior court the judgment stands vacated, and that during that period no execution upon such judgment can be allowed. (*Bullard* v. *McArdle,* 98 Cal. 359, [35 Am. St. Rep. 176, 33 Pac. 193].) We have no decisions, however, which purport to declare that where an appeal is taken upon questions of law alone and no stay bond is filed, it is not competent for the court below, even before the disposal of the appeal, to proceed to enforce the judgment by execution, and unquestionably the court has power to do so. If the appellant contends that after the disposal of the appeal on questions of law and fact, and after a dismissal thereof in the superior court, the judgment of the justice's court cannot be enforced by execution and that the same stands vacated, the complaint is fatally defective in not alleg-

ing that the appeal in controversy was taken on questions of law and fact. There is an allegation that at the time of the issuance of the execution complained of the judgment of the justice "had been fully vacated, avoided, and set aside." The context shows, however, that this is a mere conclusion of law. It cannot be taken as an allegation of fact, or as sufficient to supply the omission to allege that the appeal was taken on questions of law and fact. This omission was sufficient to uphold the order sustaining the demurrer.

With respect to the dissolution of the restraining order, the facts stated in the answer are proper for consideration. It is there shown that Kelch, the plaintiff in the justice's court, moved to dismiss the appeal on the ground that it had not been perfected by the necessary proceedings on behalf of the said appellant, and that this motion was sustained by the superior court and that an order was made therein that the said appeal be dismissed, that the clerk of the superior court forthwith transmit the papers in the action to the justice of the peace, and that said justice proceed to enforce the collection thereof. The superior court had jurisdiction of the appeal and had power to dismiss it and make the necessary orders to dispose of it on the ground that it had not been duly perfected. This judgment is conclusive upon collateral attack and is sufficient to dispose of the application for the injunction. It justifies the order dissolving the preliminary injunction.

The judgment and order appealed from are affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.