143 LA.—34

---

(79 South. 860)

No. 21535.

ROUSSEL et al. v. NEW ORLEANS LAND CO.

(June 29, 1918.  Rehearing Denied Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. EXECUTION ⊕═319 — SHERIFF'S DEED — TRANSFER OF TITLE.

A sheriff's deed, without the writ and judgment or order of the court authorizing it, is not sufficient evidence of a transfer of title.

2. APPEAL AND ERROR ⊕═926(3) — PRESUMPTIONS—RECEPTION OF EVIDENCE.

In ejectment, where defendant claimed title under writ of fi. fa. issued under a judgment in a prior suit, and objection was made to introduction of writ in evidence without a judgment to support it, and objection was overruled, because going only to order of proof, but judgment was not thereafter offered, it must be presumed that there was no valid judgment authorizing sale.

3. EJECTMENT ⊕═86(3)—PETITORY ACTION — TITLE OF DEFENDANTS—BURDEN OF PROOF.

In ejectment by plaintiffs, whose ancestors had been judicially decreed the land in question, and whose title was complete, if there had been no transfer, defendant, asserting title by a transfer from plaintiffs' authors or ancestors in title, was obliged to prove the transfer.

4. JUDGMENT ⊕═829(2) — AUTHORITY — FULL FAITH AND CREDIT.

Where judgment or order of federal court did not authorize or purport to authorize a sale of property belonging to certain heirs, or to any one except the city of New Orleans, a receiver's attempted sale of property belonging to such heirs was unauthorized, and hence not protected by full faith and credit clause of federal Constitution.

5. JUDGMENT ⊕═829(2)—PARTIES—PROCEEDING TO NULLIFY.

Where judgment or order of federal court was not rendered against certain heirs, but merely authorized sale of property belonging to city of New Orleans, there was no need for an action by those claiming under such heirs to nullify the judgment before insisting on such title or claim.

Appeal from Civil District Court, Parish of Orleans;  Porter Parker, Judge.

Action by Willis J. Roussel, administrator, and others, against the New Orleans Land Company.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

Charles Louque, of New Orleans, for appellant.

Lyle Saxon and Wm. Winans Wall, both of New Orleans, for appellees.

O'NIELL, J. The defendant appeals from a judgment decreeing that the plaintiffs are the owners of a tract of land in defendant's possession.

The land was granted by the Spanish government to the plaintiffs' ancestor, Jean Lavergne, in 1771. He died in 1774; and his grandchildren, the children of his only son, Nicholas Lavergne (deceased), were recognized as the owners, by inheritance, of the property, by a decree affirmed by this court in 1841. See Lavergne's Heirs v. Elkins' Heirs, 17 La. 220. The plaintiffs in this suit are the heirs and legal representatives of the Lavergnes, who were then declared the owners of the property, and who are now dead.

The title asserted by defendant emanates from a sale made by the sheriff of the parish of Orleans, on the 20th of July, 1863, by virtue of a writ of fieri facias, in a suit entitled Commissioners of the First Draining District v. Heirs of Lavergne, in the Third District Court of New Orleans. Defendant avers that the title of the Lavergne heirs was, by the sheriff's deed, transferred to the board of commissioners of the draining district; that the land was transferred from the board of commissioners in trust to the city of New Orleans, by Act No. 30 of 1871, p. 75; was sold by J. Ward Gurley, receiver, appointed by the United States Circuit Court, to liquidate the trust of the city of New Orleans, and bought by Dr. C. A. Gaudet, at an auction sale made on the 27th of February, 1892, under orders of said court, in the suit of Peake v. City of New Orleans; and was sold by Dr. Gaudet to the defendant on the 16th of February, 1893.

[1, 2] On the trial, when the plaintiffs had made proof of their title by inheritance from the grandchildren of Jean Lavergne, the defendant introduced in evidence, in support of the alleged transfer of title from the Lavergne heirs to the board of commissioners of the First draining district, only the sheriff's sale and the writ of fieri facias, without the judgment, in the suit of First Draining District v. Heirs of Lavergne. Plaintiffs' counsel then objected to the evidence, on the ground that no valid judgment was ever rendered in the case, because the defendants had not been cited. He urged that the statute (Act No. 57 of 1861) purporting to authorize the board of draining commissioners to maintain suits and obtain judgments for taxes, without citation and by substituted process, was unconstitutional, not only because it did not provide for due process of law, but also because there was no reference in the title of the act to the summary proceeding sought to be authorized by the statute. The objection was held to apply, not to the admissibility, but to the effect, of the evidence, because the defendant's counsel could not be controlled in the order of introducing his evidence, and he had yet the right to introduce the judgment on which the writ of fieri facias was said to have issued. He did not, thereafter, offer the judgment in evidence.

In view of the objection to the introduction of the sheriff's deed without the judgment, and in view of the settled jurisprudence that a sheriff's deed, without the writ and judgment or order of court authorizing it, is not sufficient evidence of a transfer of title, we are constrained to assume that there was no valid judgment to authorize the seizure and sale of the property of the heirs of Lavergne. In fact, the plaintiffs afterwards introduced in evidence a judgment rendered on the 27th of January, 1887, in a suit by the heirs of Lavergne against the city of New Orleans, decreeing the plaintiffs to be the owners of the land sold by the sheriff, because of the nullity of the

judgment on which it was seized and sold. The judgment of nullity was not binding upon the defendant in the present suit, because it was not recorded in the conveyance records. But we assume that the learned counsel for defendant regarded the judgment rendered in the suit of Board of Commissioners of the First Draining District v. Heirs of Lavergne as an absolute nullity; for, otherwise, he would have introduced it in evidence when the objection was urged that the sheriff's deed was not sufficient proof without the judgment.

[3] It is contended, on behalf of the defendant, that, if the judgment in favor of the board of commissioners against the heirs of Lavergne was null, the nullity was not patent or absolute, and that the plaintiffs cannot take advantage of the relative nullity in this petitory action, but should have resorted to a direct action of nullity. There might have been some force in that contention, if the defendant had introduced the judgment in evidence. But the defendant's refraining, under the circumstances, from introducing in evidence the judgment on which its title depended, convinces us that the judgment was absolutely null. Be that as it may, there is no judgment before the court to sustain the alleged transfer of title from the heirs of Lavergne to the defendant's author in title. The defendant, having asserted title by transfer from the plaintiffs' authors or ancestors in title, was obliged to prove the transfer, after the plaintiffs proved that their title was complete if there was no such transfer.

[4] The defendant contends that the sale made to Dr. Gaudet under an order of a federal court of competent jurisdiction could not be set aside by collateral proceedings in a state court. The answer is that the plaintiffs here do not seek to set aside the judgment or order of the federal court. That judgment or order, in so far as it authorized the sale of property belonging to the defendant, city of New Orleans, then in court, is not disturbed or affected by this suit. The judgment or order of the federal court did not authorize, or purport to authorize, a sale of property belonging to the Lavergne heirs, or belonging to any one except the city of New Orleans. Hence the attempted sale of property belonging to the Lavergne heirs, by J. Ward Gurley, receiver, was not authorized or sanctioned by any order of the federal court, and is not protected by the full faith and credit clause in the federal Constitution.

[5] The defendant also relies upon a provision in article 612 of the Code of Practice to the effect that one against whom a judgment has been rendered without citation, or even by an incompetent court, cannot maintain a suit for the nullity of the judgment, if he was present in the parish and has suffered the judgment to be executed against him without opposing it. It is sufficient to say that there is no proof in this record that the Lavergne heirs were in the parish of Orleans when the judgment against the city of New Orleans was executed by a seizure and sale of their property. We may add that the judgment or order of the federal court was not rendered against the Lavergne heirs, and there was therefore no need for an action of nullity of the judgment on their part.

The defendant pleaded also the prescription of 5, 10, and 30 years; but the pleas seem to have been abandoned, for the defendant offered no evidence of possession of the land, and no argument has been made, either orally or in the briefs, in support of the pleas of prescription.

The judgment appealed from is affirmed.