(July 22, 1921.)

MARY A. JORGENSEN and the SPOKANE & EASTERN TRUST CO., Trustee for the Estate of GEORGE LAUMAN, Deceased, Respondents, v. W. C. McALLISTER, and the STATE OF IDAHO, Intervenor, Appellants.

[202 Pac. 1059.]

MINING CLAIM — SUFFICIENCY OF DESCRIPTION — CONFLICT BETWEEN MINERAL PATENT AND CLEAR LIST.

1. A description of a mining claim in a mineral patent by which the property may be identified with reasonable certainty by a competent surveyor is sufficient.

2. Where it is made to appear that part of a tract of land clear-listed to the state by the federal government for educational purposes had been already conveyed by the government to private parties by a mineral patent, such clear-list is void in so far as it purports to convey any part of such mining premises.

3. *Held*, that the evidence supports the findings of the lower court, and that the findings are sufficient to support the judgment.

APPEAL from the District Court of the Second Judicial District, for Latah County.   Hon. Edgar C. Steele, Judge.

Action to quiet title.   Judgment for plaintiffs.   *Affirmed.*

L. H. Wheeler, G. W. Suppiger and Roy L. Black, Attorney General, for Appellant.

The land in question was never before the Department of the Interior for decision as to character until the secretary rendered the judgment awarding it to the state.   (U. S. Mining Regulations, p. 66; Department U. S. Regulations for Surveyors-General, p. 73, sec. 135, Lindley on Mines, 3d ed., sec. 104; secs. 2914, 5369, 5413, 5423, 5425, and 5325, C. S.; 2 Pom. Eq. Jur., secs. 680–682 (b) ; *Slauson v. Goodrich Transp. Co.*, 99 Wis. 20, 74 N. W. 574, 40 L. R. A. 825.)

J. H. Forney, for Respondents.

The state of Idaho had no title whatever to the property involved in this controversy.

The state authorities in making the selection committed the error, and this error could not be attributed to the United States.   The mere fact that the Secretary of the Interior approved the selection does not aid the defendants.   (*Weeks v. Bridgman*, 159 U. S. 541, 16 Sup. Ct. 72, 40 L. ed. 253; *Garrard v. Silver Peak Mines*, 82 Fed. 587–589; *Milner v. United States*, 228 Fed. 436, 143 C. C. A. 13.)

BUDGE, J.—This is an action to quiet title to the Last Chance mica lode mining claim, and to restrain appellants from removing mica therefrom.

The record discloses that the mine in question, containing 15,273 acres, was located on unsurveyed public domain on Aug. 1, 1883, as Mineral Survey No. 674, Lot No. 37, in the Robinson mining district, Latah county; that the U. S. Land Office at Lewiston issued to Paul F. Mohr, George Lauman, and Mary, Pauline and Jennie Jorgensen, a receipt for payment in full for said claim on May 27, 1890; that

a mineral certificate or patent was issued by the United States on Jan. 8, 1892, conveying the mining premises to the above-named parties, and was recorded in Latah county on Jan. 26, 1893; that Mary A. Jorgensen, having purchased the interests of Pauline and Jennie Jorgensen, is now the owner of an undivided three-fifths interest in the mine; that the estate of George Lauman, of which the Spokane & Eastern Trust Co. is trustee, is the owner of an undivided one-fifth interest, and that E. E. Rogers is the record owner of the remaining one-fifth interest.

It further appears that the south half of township 41 north, range 2 west, B. M., was surveyed in September, 1883, and the plat thereof filed Sept. 13, 1884; that on March 8, 1894, 11,323.57 acres of land in Idaho was clear-listed by the federal government to the state, as lands for state normal school purposes; that a segregation plat of sec. 22 of said township, upon which appears a portion of the Last Chance mine, was filed in the office of the Surveyor-General of Idaho, on Mar. 29, 1906; that on June 6, 1906, the state contracted to sell the SW. ¼ SW. ¼ of sec. 22, which was part of the lands clear-listed to the state, to Alexander Monroe; that Monroe assigned his contract to W. C. McAllister on June 14, 1917; and that about ten acres of the Last Chance mine is situated within said SW. ¼ SW. ¼ of sec. 22.

Respondents base their claim of title to the mining premises upon the location thereof in 1883, the receipt and the mineral patent. The state of Idaho bases its claim upon the clear-list of March 8, 1894, and appellant McAllister relies upon the contract between the state and Monroe and the assignment thereof to himself in order to establish his title.

Appellants contend that the land described in the mineral patent lies wholly outside the SW. ¼ SW. ¼ of sec. 22. The court found, however, that about ten acres of the mining premises are contained within the SW. ¼ SW. ¼ of said section, that its location was distinctly marked on the

ground and its boundaries could be readily traced, and that the calls and distances set forth in the mineral patent correctly describe and properly identify the premises in controversy.

The principal questions presented by this appeal are whether the description contained in the mineral patent is sufficient, and if so, whether the lands therein described are situated within the SW. ¼ SW. ¼ of sec. 22, T. 41 N., R. 2 W., B. M., and if these questions may be answered in the affirmative, it must necessarily follow that the clearlist issued by the federal government to the state is void in so far as the Last Chance mining premises are concerned.

In *Bogard v. Barhan,* 52 Or. 121, 132 Am. St. 676, 96 Pac. 673, the court said:

"The rule for determining the sufficiency of a description in a deed or any other writing in relation to real property is: Can a surveyor, with a deed or other instrument before him, with or without the aid of extrinsic evidence, locate the land and establish the boundaries?"

See, also, *Law v. People,* 80 Ill. 268.

The mining premises here involved were described in the mineral patent by courses and distances from an artificial monument, established in accordance with the mining laws, and described as U. S. Mineral Monument No. 1, Robinson Mining District, which, in turn, was located with reference to natural objects.

As was said in the case of *Bell v. Skillicorn,* 6 N. M. 399, 28 Pac. 768: "The rule in determining the exact locality of a tract or boundary of land is that recourse must be first had to natural objects; second, to artificial marks; and, third, to courses and distances. . . . . It would make no difference whether said monuments were properly connected with the surveys of the public lands, . . . . "

Evidence was adduced at the trial tending to show that a competent surveyor was able to and did identify the mining premises here in controversy by means of the description contained in the mineral patent, and that the Surveyor-

General of Idaho, as disclosed in the segregation plat above mentioned, was able to locate the Last Chance mine partly within the SW. ¼ SW. ¼ of said sec. 22.

From an examination of the entire record we have reached the conclusion that the evidence supports the findings, and that the findings are sufficient to support the judgment.

We have carefully considered all of the assignments of error, but find no reversible error. The judgment is, therefore, affirmed. Costs are awarded to respondents.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.

(December 31, 1921.)

ON REHEARING.

1. In order to render an abstract of title admissible in evidence the abstracter must be qualified under the law, and must certify in substance that the abstract is a true and correct abstract of documents appearing upon the official records of the county.

2. The decree of distribution by the probate court in the matter of the estate of a deceased person is *prima facie* evidence of title in the distributee to the property described therein, when nothing appears upon the face of the decree showing lack of jurisdiction in the probate court.

3. A sheriff's deed alone, unsupported by proof of the judgment and execution upon which it was issued, is not admissible in evidence and does not constitute *prima facie* evidence of title.

4. A party offering an executor's or administrator's deed in evidence must show that its execution was authorized by proof of the order of the court confirming the sale.

G. W. Suppiger and L. H. Wheeler, for Appellants.

The decree of distribution to the Spokane & Eastern Trust Co. without showing the jurisdiction of the court is not *prima facie* evidence of title, especially against the proof of title made to appellants by their abstract of title, and the findings of fact. (*Miller v. Mitcham*, 21 Ida. 741, 123 Pac. 941; *Hilton & Dodge Lumber Co. v. Alwood*, 141 Ga. 653, 81 S. E. 1119; *Tucker v. Murphy*, 66 Tex. 355, 1 S. W. 76; *Cruse v. O'Gwin*, 48 Tex. Civ. App. 48, 106 S. W. 757.)

The sheriff's deed to respondent Mary A. Jorgensen is not *prima facie* evidence of title without the judgment-roll, and especially as against the proof of title to appellants by their abstract of title and the findings of fact. (*Rule v. Richards* (Tex. Civ. App.), 159 S. W. 386; *Person v. Roberts,* 159 N. C. 168, 74 S. E. 322; *Kennedy v. Kennedy,* 86 S. C. 483, 68 S. E. 664; *Roussel v. New Orleans Land Co.,* 143 La. 1058, 79 So. 860; *Springer v. Wasson,* 23 N. M. 277, 167 Pac. 712.)

An administrator's deed is not *prima facie* evidence of title without the decree of court, especially as against the proof of title made to appellants by their abstract of title and findings of fact, and further in relation to the administrator's deed to respondent Jorgensen, for the reason that there is no description of property in said deed. (*Tucker v. Murphy, supra; Miller v. Mitcham, supra; Cruse v. O'Gwin, supra; Bryan v. Morris,* 143 Ga. 70, 84 S. E. 120.)

J. H. Forney, for Respondents.

The certificates in the abstract here objected to certify that the abstract contains a full and correct abstract of the instruments of record affecting the title of the property described therein, and in fact substantially comply with the statute. The statutes allowing the use of secondary evidence are remedial in their nature and should be liberally construed. (*Tate v. Rose,* 35 Utah, 229, 99 Pac. 1003.)

The abstract in this case is merely corroboration or collateral evidence of the condition of the title to the property in question, the original patent having been introduced, and it was therefore within the discretion of the court to admit it. (Wigmore on Evidence, 1253.) The appellant cannot now be held to complain of the abstract objected to when he has used in his own behalf an abstract issued by the same abstracter. (R. C. L. 934, sec. 100.)

RICE, C. J.—A rehearing was granted upon the question whether the evidence was sufficient to support the finding

that the Spokane & Eastern Trust Company was the owner of an undivided one-fifth interest in the mining claim involved in this action, and that Mary A. Jorgensen was the owner of an undivided three-fifths interest therein. Mary A. Jorgensen's title to one-fifth interest is conceded, since she was one of the original patentees of the claim.

In this action the title is directly in issue, and proof must be made by the plaintiffs in order to entitle them to a decree. (*Winter v. McMillan*, 87 Cal. 256, 22 Am. St. 243, 25 Pac. 407; *Goldberg v. Bruschi*, 146 Cal. 708, 81 Pac. 23; 32 Cyc. 1329.)

As a part of their proof, respondents introduced in evidence a certain abstract, marked Exhibit "K." The certificate of the abstracter states that "they have examined the title to the within described lands, and that the within sheets numbered —— to ——, inclusive, contain a full and correct abstract of all conveyances upon the records of the undersigned affecting the same; that they have examined the records as to the conveyances within named, and that they are executed and acknowledged as herein shown."

C. S., sec. 2263, provides that the possession of proper authority by any abstracter at the date of issuance of any abstract "shall entitle such abstract of title to real estate, certified to and issued by such abstracter, to be received in all courts as *prima facie* evidence of the existence of the record of deeds, mortgages and other instruments, conveyances, or liens, affecting the real estate mentioned in such abstract, and that such record is as described in said abstract of title."

The statute does not prescribe any form of certificate to be used by an abstracter. We think, however, it must be conceded that such a certificate must state in substance that the instrument is a true and correct abstract of the documents appearing on the official records of the county. This certificate does not state that the abstract is taken from the records of Latah county. It does state that it is a correct abstract of conveyances upon their own records. It certi-

fies to a matter that is of no importance, and is not sufficient to comply with the intent of the statute.

The certificate further states that the abstracter has examined the records as to conveyances named, and that they are executed and acknowledged as shown. The word "records" in that sentence may refer to records of Latah county. Admitting this to be true, the certificate only goes to the execution and acknowledgment of the conveyances mentioned and fails to state that the instrument to which it is attached is a true and correct abstract from the records of Latah county.

Objection was made to the admission of the exhibit on the ground that it was not properly certified. The objection should have been sustained.

Without the abstract, the evidence of title in the Spokane & Eastern Trust Company consisted of a decree of distribution in the probate court of Latah county, in the matter of the estate of George Lauman, deceased, together with the petition for the probate of the will and an inventory and appraisement of his estate.

C. S., sec. 6467, provides: "In the exercise of its probate jurisdiction the proceedings of this court are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees in probate proceedings there is accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of district courts."

Nothing appearing upon the face of the decree of distribution showing lack of jurisdiction on the part of the probate court, its jurisdiction is presumed and the decree of distribution, admitted in evidence in this case, is *prima facie* evidence of title in the Spokane & Eastern Trust Company. (See *Clark v. Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358.)

The evidence of title to a one-fifth interest claimed by respondent Mary A. Jorgensen consisted of a sheriff's deed without proof of the judgment and execution upon which

it rested. A sheriff's deed alone, unsupported by proof of the judgment and execution upon which it was issued, is not admissible in evidence and does not constitute *prima facie* evidence of title. (*Schuyler v. Broughton*, 65 Cal. 252, 3 Pac. 870; *Vassault v. Austin*, 32 Cal. 597; *Bybee v. Ashby*, 2 Gilm. (Ill.) 151, 43 Am. Dec. 47; *Clem v. Meserole*, 44 Fla. 234, 103 Am. St. 145, 32 So. 815; 22 C. J. 932; 10 R. C. L. 1361.)

The evidence of title to the remaining one-fifth interest claimed by Mary A. Jorgensen consisted of an administrator's deed. A party producing an executor's or administrator's deed must show that its execution was authorized by proof of the order of the court confirming the sale. (22 C. J. 932; *Kimball v. Semple*, 25 Cal. 440. And see *Clark v. Rossier, supra.*)

The judgment quieting title to two-fifths of the property in Mary A. Jorgensen is reversed, and the cause is remanded with instructions to the trial court to permit her to offer additional proof in support of the sheriff's deed and the administrator's deed, above referred to, within a reasonable time to be fixed by the court. In other respects the judgment will be affirmed. No costs will be awarded on this appeal.

McCarthy, Dunn and Lee, JJ., concur.

Budge, J., sat at the rehearing, but took no part in the opinion on rehearing.