[L. A. No. 6862. In Bank.—May 11, 1922.]

EMMETT D. CHEESMAN, Appellant, v. J. WALTER
HANBY, Justice of the Peace, etc., et al., Respondents.

[1] JUSTICE'S COURT—APPEAL—QUESTIONS OF LAW AND FACT—ENFORCE-
MENT OF JUDGMENT — STAY BOND. — A stay bond is essential to
prevent the enforcement of a justice's court judgment pending an
appeal, whether the appeal is taken on questions of law or on
questions of both law and fact.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fletcher Bowron for Appellant.

A. J. Hill, Roy W. Dowds, H. G. Bittleston and N. B.
Nelson for Respondents.

WILBUR, J.—A judgment was rendered against the ap-
pellant in the justice's court presided over by the respond-

ent, J. Walter Hanby, for the sum of $74.67. She gave
notice of appeal to the superior court on both the law and
the facts and gave a bond for costs in the sum of $100.
She gave no bond for a stay of proceedings as required
by section 978 of the Code of Civil Procedure, and claims
that no such bond is necessary when the appeal is on both
the law and the facts. An execution was issued on the
judgment by the justice of the peace after the appeal was
taken and levied upon a claim of $20.19 due the appellant.
Thereupon the appellant brought this action in the superior
court to enjoin the respondent justice of the peace and the
respondent constable from enforcing the judgment. The
superior court denied the appellant's prayer for an injunc-
tion and she takes this appeal from that judgment.

It is conceded that, if the appeal had been on the ques-
tions of law alone, the execution of the judgment would
not be stayed without a stay bond in double the amount
of the judgment (*Rushton* v. *Reeve,* 178 Cal. 199 [172
Pac. 608]). Section 978 of the Code of Civil Procedure
makes no distinction between the two methods of ap-
peal and the appellant's contention is wholly based upon
the theory that by an appeal on the law and the facts,
jurisdiction over the entire case is vested in the superior
court, and, hence, the justice of the peace is no longer
empowered to issue or enforce an execution. This conten-
tion is based in part upon the reasoning of the court in
*Bullard* v. *McArdle,* 98 Cal. 355 [35 Am. St. Rep. 176, 33
Pac. 193], and upon the statement of appellant's contention
in the opinion in the case of *Rushton* v. *Reeve, supra.*
With reference to the decision in *Bullard* v. *McArdle, su-
pra,* it is sufficient to say that the court was dealing with
a case in which both a cost bond and a stay bond had
been given and the effect of such an appeal upon the judg-
ment in the justice's court, while the question in *Rushton*
v. *Reeve, supra,* was as to the effect upon the justice's court
judgment of an order of the superior court dismissing an
appeal where a cost bond only had been given upon the
appeal upon a question of law alone. The language of the
code with reference to the giving of bonds on appeal seems
too clear to justify any extended discussion. It provides
that an appeal "is not effectual for any purpose" unless

an undertaking be filed for the payment of costs on the appeal, and (see *McConky* v. *Superior Court,* 56 Cal. 83), if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money, etc. This language is clearly equivalent to a statement that the enforcement of the judgment is not stayed unless a stay bond as specified is given.

This construction was placed on a similar provision of the code of Idaho by the supreme court of that state (*Wilson* v. *Doyle,* 12 Idaho, 295 [85 Pac. 928]).

The legislative history of section 978 of the Code of Civil Procedure also points to this construction. In 1850 the legislature in "An Act to regulate proceedings in Courts of Justices of the Peace in civil cases," passed April 10, 1850 (Stats. 1850, pp. 179, 186), provided for a stay bond upon appeals from the judgment of a justice of the peace in section 74 of such law as follows: "No appeal shall operate as a *supersedeas* to any execution issued on the judgment, unless the defendant shall file with the Justice a bond, with two sufficient sureties to be approved by such Justice, in a penalty double the amount of the judgment, inclusive of interest and costs, payable to the appellee, conditioned that the appellant will prosecute his appeal to effect, or that failing therein, he will pay and satisfy such judgment as may be rendered against him by the County Clerk. In the absence of the appellant, such bond may be signed by his sureties alone."

Section 75 of that statute (Stats. 1850, p. 186) provided for a cost bond as follows: "An appeal may be taken by any party, upon filing with the Justice a bond to the appellee, with surety to be approved by the Justice, conditioned for the payment of the costs of the appeal; but in such case the appeal shall not have the effect to stay execution."

Such appeals were made upon statements of the case and other papers (Stats. 1850, p. 186, secs. 73, 77), but the case was tried anew in the county court (Stats. 1850, c. 84, pp. 203, 204, sec. 4), as is now done in appeals upon both law and fact (sec. 976, Code Civ. Proc.). In 1851 the legislature revised the laws relating to practice in courts of

justice, enacting the Practice Act (Stats. 1851, p. 51), which is the basis of our Code of Civil Procedure. Under this act an appeal from the justice's court was taken by the aggrieved party (Stats. 1851, p. 51, secs. 624–626, p. 150). Section 628 of this act (Stats. 1851, pp. 51, 150) is substantially the same as section 978 of the Code of Civil Procedure, but prohibited the justice from transmitting the papers to the county court unless a cost bond of $100 was filed, "or if a stay of proceedings be claimed," a bond in twice the amount of the judgment and costs, instead of providing as in section 978 of the Code of Civil Procedure, that the appeal should be "ineffectual for any purpose" if such bonds were not given. Upon the appeal the court could reverse, affirm, or modify the judgment of the justice's court or "if necessary or proper order a new trial." (Stats. 1851, pp. 51, 110, sec. 367.) In 1853 sections 626, 627, and 628 of the Practice Act were amended so that the justice was required to transmit the papers when an appeal was taken (sec. 19, amending sec. 627, Stats. 1853, pp. 276, 280), and section 628 was amended to provide for bonds and provided in the language of section 978 of the Code of Civil Procedure, that the appeal should not be effectual for any purpose "unless an undertaking be filed," etc. That amendment repealed the requirement of section 625 for a statement of the case (Stats. 1853, pp. 276, 280, sec. 17), and section 366 of the Practice Act was amended to read, "There may be tried anew in the County Court, judgments in all civil cases rendered by Justices', Recorders' and Mayors' Courts." (Stats. 1853, pp. 276, 277, sec. 7 amending sec. 366 of the Practice Act.) In 1854 the distinction between appeals on questions of law and fact was first introduced by amendments to the Practice Act (Stats. 1854, pp. 59, 70, sec. 54 amending sec. 624, sec. 55 amending sec. 625). The amendments provided for a trial anew when the appeal was on questions of fact or both law and fact (Stats. 1854, pp. 59, 70, sec. 56 amending sec. 626), but when taken on questions of law alone it was to be heard on a statement of the case (Stats. 1854, pp. 59, 66, sec. 38 amending sec. 366), although if it appeared necessary upon the hearing of the appeal a new trial might be had where the appeal was on

questions of law alone (Stats. 1854, pp. 59, 66, sec. 39 amending sec. 367). The object of the provision for an appeal on questions of law alone was to obviate the expense of a new trial in the appellate court where the facts were not in dispute (*People ex rel. Hitchcock* v. *Freelon,* 8 Cal. 517). These provisions of the law have remained substantially the same since 1854, excepting that in 1860 section 628 (corresponding to section 978 of the Code of Civil Procedure) was amended to make provisions for the form of stay bond where the judgment appealed from was for the recovery of personal property, etc. (Stats. 1860, pp. 196, 198, sec. 11 amending sec. 628.)

Without setting forth in further detail the various statutory changes regulating appeals from a justice's court, it is sufficient for present purposes to point out that the requirement of a stay bond in substantially its present form was enacted before the distinction was drawn between appeals from a justice's court on the law and on both law and facts (Stats. 1853, pp. 276, 280, sec. 15 amending sec. 628 of the Practice Act, *supra*), and when all appeals from the justice's court resulted in a trial anew (Stats. 1853, pp. 276, 277, sec. 7 amending sec. 366 of the Practice Act, *supra*); and that such requirement was continued in substantially unaltered form after the distinction between the two methods of appeal was introduced in.1854 (Stats. 1854, pp. 59, 70, *supra*).

[1] It is clear from this legislative history that there was no intention on the part of the legislature to require a stay bond in cases of appeal on questions of law alone, and not in cases of appeal on both law and facts. There seems no room for doubt from the terms of the code (sec. 978, Code Civ. Proc.) and from its legislative history that a stay bond is essential to prevent the enforcement of a justice's court judgment pending an appeal, but if this were a matter of doubt these provisions have been so construed for nearly three-quarters of a century and this practical and long-continued construction should not be overturned.

The justice's court, in the absence of a stay bond, had power to enforce the judgment by execution and for that purpose to require the defendant to submit to an examination on supplemental proceedings. The point that the claim

levied upon by the respondent constable is exempt from execution is not seriously pressed.

Judgment affirmed.

Lennon, J., Richards, J., *pro tem.*, Lawlor, J., Sloane, J., Shaw, C. J., and Shurtleff, J., concurred.

Rehearing denied.

All the Justices concurred.