(July 25, 1923.)

MARY A. JORGENSEN and THE SPOKANE EASTERN TRUST COMPANY, Trustee for the Estate of GEORGE LAUMAN, Deceased, Respondents, v. L. E. BIGELOW, SEATTLE MICA COMPANY, a Corporation, and ALEXANDER MONROE, Defendants; W. C. McALLISTER, Appellant.

[217 Pac. 265.]

ACTION TO QUIET TITLE—AMENDMENTS—EVIDENCE.

1. The supreme court remanded the cause to the lower court for the sole purpose of having additional proof introduced in support of a sheriff's deed and an administrator's deed. Upon the hearing thereafter had in the trial court an application was made to amend the answer. *Held*, that the amendment was properly refused.

2. *Held*, that the evidence supports the findings of the lower court, and that the findings are sufficient to support the judgment.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action to quiet title. Judgment for respondents. *Affirmed.*

L. H. Wheeler, for Appellant, cites no authorities on points decided.

J. H. Forney and O. C. Moore, for Respondents.

The decision of an appellate court becomes the law of the case in subsequent proceedings, not only on all questions presented and decided, but likewise as to all questions which might have been presented for decision. (4 C. J. 1100; *Idaho Trust & Savings Bank v. Ridenbaugh*, 29 Ida. 647, 161 Pac. 868; *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608; *Palmer v. Utah etc. Oil Co.*, 2 Ida. 382, 16 Pac. 553; *Nampa v. Nampa etc. Irr. Dist.*, 23 Ida. 422, 131 Pac. 8; *Gerber v. Nampa etc. Irr. Dist.*, 19 Ida. 765, 116 Pac. 104; *Coats v. Harris*, 9 Ida. 470, 75 Pac. 246; *Lindsay v. People*, 1 Ida. 438.)

On the remanding of a case for a specific purpose, the trial court cannot be justified in allowing an amendment of the pleading with respect to a matter which existed and was known to the party and might have been pleaded by him at the time of the first trial. (4 C. J. 1228.)

DUNN, J.—This action has received the consideration of this court upon a prior appeal (*Jorgensen v. McAllister*, 34 Ida. 182, 202 Pac. 1061), and a statement of the facts involved will there be found. The cause was remanded with instructions to the trial court to permit Mary A. Jorgensen to offer additional proof in support of the sheriff's deed and the administrator's deed referred to in that opinion, within a reasonable time to be fixed by the court.

Upon the cause being set for hearing in the lower court, the appellant, McAllister, asked leave to amend his answer to show that the property in question was the community property of himself and wife and that his wife was a necessary party defendant to the action. The court refused to permit the amendment and evidence was thereupon introduced in sup-

port of the sheriff's deed and the administrator's deed. Objection was made to the introduction of this evidence upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action and that the court was without jurisdiction of appellant and his wife or of the subject matter of the action, which objection was overruled by the court. No evidence was introduced by appellant at the close of respondent's proof and the court thereupon made its findings and conclusions and awarded judgment in favor of respondent, Mary A. Jorgensen, quieting title in her to an undivided three-fifths of the property in question, declaring her to be the owner of three-fifths of all mica taken from said premises and perpetually enjoining appellant from interference with said premises. This appeal is taken from the judgment.

Seven assignments of error are specified by appellant. The first relates to the action of the trial court in denying defendant's request for leave to amend and the second in not requiring appellant's wife brought in as a party defendant. The sole and only purpose for which this cause was remanded was to permit respondent to offer additional proof in support of the sheriff's deed and administrator's deed, and we think the court rightly refused to permit the amendment.

We have carefully considered the remaining assignments of error and have come to the conclusion that there is no merit in them. An examination of the entire record convinces us that the evidence introduced by respondent corrects the defects pointed out in the former opinion, that it justifies the findings of fact and conclusions of law, and that such findings and conclusions support the judgment.

The judgment should therefore be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy and William A. Lee, JJ., concur.

William E. Lee, J., being disqualified, took no part.